

1  Ronald J. Schutz (*Pro Hac Vice* pending), RJSchutz@rkmc.com
   Richard M. Martinez (*Pro Hac Vice* pending), RMMartinez@rkmc.com
2  Sang Young A. Brodie (*Pro Hac Vice* pending), SYBrodie@rkmc.com
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
3  800 LaSalle Avenue, 2800 LaSalle Plaza
   Minneapolis, MN  55402
4  Telephone:  (612) 349-8500
   Facsimile:  (612) 339-4181

5

6  David  Martinez, (CA Bar No. 193183), DMartinez@rkmc.com
   **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
7  2049 Century Park East, Suite 3400
   Los Angeles, CA  90067-3208
8  Telephone:  (310) 552-0130
   Facsimile:  (310) 229-5800

9

   Attorneys for Plaintiff,
10 TV INTERACTIVE DATA CORPORATION

11            **UNITED STATES DISTRICT COURT**

12         **NORTHERN DISTRICT OF CALIFORNIA**

13 TV INTERACTIVE DATA CORPORATION, a          Case No.
   California Corporation,
14                                             **COMPLAINT; DEMAND FOR**
                Plaintiff,                     **JURY TRIAL**
15
   v.
16
   SONY CORPORATION; SONY COMPUTER
17 ENTERTAINMENT INC.; SONY COMPUTER
   ENTERTAINMENT AMERICA, INC.; SONY
18 CORPORATION OF AMERICA; SONY
   ELECTRONICS, INC.; SAMSUNG ELECTRONICS
19 CO., LTD.; SAMSUNG ELECTRONICS AMERICA,
   INC.; ROYAL PHILIPS ELECTRONICS N.V.;
20 PHILIPS ELECTRONICS NORTH AMERICA
   CORPORATION; TOSHIBA CORPORATION;
21 TOSHIBA AMERICA, INC.; TOSHIBA AMERICA
   CONSUMER PRODUCTS, L.L.C.; PANASONIC
22 CORPORATION; PANASONIC CORPORATION OF
   NORTH AMERICA; VICTOR COMPANY OF
23 JAPAN, LTD.; JVC AMERICAS CORP.; LG
   ELECTRONICS, INC.; LG ELECTRONICS U.S.A.,
24 INC.; ZENITH ELECTRONICS LLC; PIONEER
   CORPORATION; PIONEER ELECTRONICS (USA)
25 INC.; SHARP CORPORATION; SHARP
   ELECTRONICS CORPORATION; FUNAI
26 ELECTRIC CO., LTD.; FUNAI CORPORATION,
   INC.; D&M HOLDINGS INC.; D&M HOLDINGS US,
27 INC.; AND DENON ELECTRONICS (USA), LLC,

28              Defendants.

81239496.1                              COMPLAINT; DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiff TV Interactive Data Corporation ("TVI"), for its complaint against the above-named Defendants, states and alleges upon information and belief as follows:

**INTRODUCTION**

1.      This is an action for patent infringement involving the automatic playback feature in Blu-ray and DVD players.  TVI's patent infringement claims asserted in this action were asserted in *TV Interactive Data Corp. v. Sony Corp., et al.*, Case No. 5:09-cv-04755-JF (N.D. Cal.), which TVI dismissed without prejudice on February 2, 2010, (the "Dismissed Action"), out of an abundance of caution, to avoid a potential challenge later to TVI's standing to assert one or more of its patent infringement claims.

2.      TVI initiated the Dismissed Action against the Defendants on October 6, 2009, alleging infringement of one or more claims of United States Patent No. 5,597,307, United States Patent No. 5,795,156, United States Patent No. 6,249,863, and United States Patent No. 6,418,532 by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that, after initial boot-up, automatically detect insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically start a process or execute an application without rebooting.  TVI pleaded ownership of the patents asserted in the Dismissed Action and alleged that this Court had jurisdiction over the action.

3.      A potential question concerning ownership of one or more patents asserted in the Dismissed Action arose after TVI initiated the Dismissed Action.  It came to TVI's attention that a document reflecting an assignment of U.S. Patent No. 5,957,695 to ZillionTV Corporation ("Zillion") could be misinterpreted to also include an assignment of U.S. Patent No. 6,249,863 and of U.S. Patent No. 6,418,532, which are two of the four patents-in-suit.

4.      In response to and after investigation into the matter, TVI promptly took measures to make unequivocal that it has — and has always had — clear title to all of the patents-in-suit with rights to enforce each patent for past, present, and future infringement as well as to collect all damages for past, present, and future infringement of each patent.  A document restating TVI's

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

patent rights with respect to the '863 patent and the '532 patent was executed on January 28, 2010. A true and correct copy of this document is attached hereto as Exhibit A.

5.    In that document, entitled "Agreement Regarding Patent Rights," Zillion states, *inter alia*:

> WHEREAS, TVI and Zillion previously entered into that certain Intellectual Property Purchase Agreement, dated on or about September 26, 2007 (the "Purchase Agreement"), pursuant to which TVI assigned to Zillion . . . United States Patent No. 5,957,695 entitled "Structure and method for displaying commercials and sending purchase orders by computer";

> WHEREAS, pursuant to and following the execution of the Purchase Agreement, the parties recorded a document, dated January 24, 2008, with the United States Patent and Trademark Office, for the purpose of recording the assignments effected by the Purchase Agreement (the "Recorded Assignment");

> WHEREAS, the parties subsequently discovered that the language of the Recorded Assignment could be misinterpreted as broader than the assignments effected by the Purchase Agreement and intended by the parties; and

> WHEREAS, the parties desire to clarify their intent under the Purchase Agreement and cause to be recorded with United States Patent and Trademark Office a document that clearly and correctly reflects the assignments effected by the Purchase Agreement and intended by the Parties.

> **AGREEMENT**

> NOW, THEREFORE, in consideration of the mutual covenants and benefits set forth herein, as well as in the Purchase Agreement, the parties hereby agree as follows:

> 1. Interpretation of the Intellectual Property Purchase Agreement. Each of TVI and Zillion hereby affirm that the scope of the assignment granted in Section 1 of the Purchase Agreement included only the following two patents – (1) United States Patent No. 5,839,905 . . . and (2) United States Patent No. 5,957,695 . . . (collectively, the "Assigned Patents"). The assignment was not intended to, and did not include, the following patents – (1) United States Patent No. 6,249,863 entitled "Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media", and (2) United States Patent No. 6,418,532 entitled "Host Device Equipped With Means For Starting A

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Process In Response To Detecting Insertion Of A Storage Media" – or any other patent owned by TVI or to which TVI had rights to enforce prior to or on the Effective Date of the Purchase Agreement (the "Retained Patents") . . . . Nor did the assignment transfer from TVI to Zillion any right to enforce the Retained Patents, or any right to collect royalties under or any right to recover for past, present or future damages from infringement of the Retained Patents (including without limitation, any causes of action, such as patent infringement claims, and enforcement rights, whether currently pending, filed, or otherwise). All right, title, and interest in the Retained Patents and all rights associated therewith were retained by, and are and at all times have been owned by, TVI.

*See id* at 1-2. The remaining provisions of the Agreement Regarding Patent Rights are reflected in Exhibit A.

6.     Because TVI took measures after the initiation of the Dismissed Action to clarify its rights in and to one or more of the patents-in-suit, TVI, as a preventative measure and out of an abundance of caution, voluntarily dismissed without prejudice the Dismissed Action under Fed. R. Civ. P. 41(a)(1) to avoid any challenges that may relate to standing and this Court's jurisdiction and to avoid a waste of judicial resources through needless motion practice relating to standing.

7.     As the owner of the four patents asserted in the Dismissed Action, TVI hereby and with this Complaint reasserts its claims for infringement of those patents against the Defendants.

**<u>PARTIES</u>**

8.     Plaintiff TVI is a California corporation located at 19870 Mendelsohn Lane, Saratoga, CA 95070.

9.     Defendant Sony Corporation is a Japanese corporation, with its headquarters at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

10.     Defendant Sony Computer Entertainment Inc. is a Japanese corporation, with its headquarters at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan. It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

11.     Defendant Sony Computer Entertainment America, Inc. is a Delaware corporation, with its headquarters at 919 & 989 East Hillsdale Boulevard, Foster City, CA 94404, and doing business in this judicial district. It is a wholly-owned subsidiary of Sony Computer Entertainment Inc. and/or of Sony Corporation.

12.     Defendant Sony Corporation of America is a New York corporation, with its headquarters at 550 Madison Avenue, New York, NY 10022. It is a wholly-owned subsidiary of Sony Corporation, and conducts business in this judicial district, at least through its wholly-owned subsidiary.

13.     Defendant Sony Electronics, Inc. is a Delaware corporation, with its headquarters at 16530 Via Esprillo, San Diego, CA 92127, but doing business in this judicial district. It is a wholly-owned subsidiary of Sony Corporation of America and/or of Sony Corporation.

14.     Sony Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries to at least sell the accused products in the United States, including in this judicial district. The term "Sony," as it is used in this complaint, shall refer collectively to Defendants Sony Corporation, Sony Computer Entertainment Inc., Sony Computer Entertainment America, Inc., Sony Corporation of America, and Sony Electronics, Inc.

15.     Defendant Samsung Electronics Co., Ltd. is a Korean corporation, with its headquarters at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea, and doing business in this judicial district, at least through its wholly-owned subsidiary.

16.     Defendant Samsung Electronics America, Inc. is a New York corporation, with its headquarters at 105 Challenger Road, Ridgefield Park, NJ 07660, and doing business in this judicial district. It is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.

17.     Samsung Electronics Co., Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary. The term "Samsung," as it is used in this complaint, shall refer collectively to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

18.     Defendant Royal Philips Electronics N.V. is a Dutch corporation, with its headquarters at Amstelplein 2, Breitner Center, P.O. Box 77900, 1070 MX Amsterdam, The

Netherlands, and doing business in this judicial district, at least through its wholly-owned subsidiary.

19.    Defendant Philips Electronics North America Corporation is a Delaware corporation, with its headquarters at 3000 Minuteman Road, M/S 109, Andover, MA 01810, but doing business in this judicial district.  It is a wholly-owned subsidiary of Royal Philips Electronics N.V.

20.    Royal Philips Electronics N.V. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "Philips," as it is used in this complaint, shall refer collectively to Defendants Royal Philips Electronics N.V. and Philips Electronics North America Corporation.

21.    Defendant Toshiba Corporation is a Japanese corporation, with its headquarters at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

22.    Defendant Toshiba America, Inc. is a Delaware corporation, with its headquarters at 1251 Avenue of the Americas, Suite 4110, New York, NY  10020, but doing business in this judicial district.  It is a holding company for Toshiba Corporation and is wholly-owned by Toshiba Corporation.

23.    Defendant Toshiba America Consumer Products, L.L.C. is a New Jersey limited liability company, with its headquarters at 82 Totowa Road, Wayne, NJ  07470, but doing business in this judicial district.  It is an operating company of Toshiba America, Inc. and is wholly-owned by Toshiba America, Inc.

24.    Toshiba Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries.  The term "Toshiba," as it is used in this complaint, shall refer collectively to Defendants Toshiba Corporation, Toshiba America, Inc., and Toshiba America Consumer Products, L.L.C.

25.    Panasonic Corporation is a Japanese corporation, with its headquarters at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

26.     Panasonic Corporation of North America is a Delaware corporation, with its headquarters at One Panasonic Way, Secaucus, NJ  07094, but doing business in this judicial district.  It is a wholly-owned subsidiary of Panasonic Corporation.

27.     Panasonic Corporation effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "Panasonic," as it is used in this complaint, shall refer collectively to Defendants Panasonic Corporation and Panasonic Corporation of North America.

28.     Defendant Victor Company of Japan, Ltd. is a Japanese corporation, with its headquarters at 12, Moriya-cho 3-chome, Kanagawa-ku, Yokohama, 221-8528, Japan, and doing business in this judicial district, at least through its wholly-owned subsidiary.

29.     Defendant JVC Americas Corp. is a Delaware corporation, with its headquarters at 1700 Valley Road, Wayne, NJ 07470, but doing business in this judicial district.  It is a wholly-owned subsidiary of Victor Company of Japan, Ltd.

30.     Victor Company of Japan, Ltd. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiary.  The term "JVC," as it is used in this complaint, shall refer collectively to Defendants Victor Company of Japan, Ltd. and JVC Americas Corp.

31.     Defendant LG Electronics, Inc. is a Korean corporation, with its headquarters at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721, and doing business in this judicial district, at least through its wholly-owned subsidiaries.

32.     Defendant LG Electronics U.S.A., Inc. is a Delaware corporation, with its headquarters at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632, but doing business in this judicial district.  It is a wholly-owned subsidiary of LG Electronics, Inc.

33.     Defendant Zenith Electronics LLC is a Delaware limited liability company, with its headquarters at 2000 Millbrook Drive, Lincolnshire, IL 60069, but doing business in this judicial district.  It is a wholly-owned subsidiary of LG Electronics, Inc., but the accused Zenith products are at least sold and serviced by LG Electronics U.S.A., Inc.

34.     LG Electronics, Inc. effectively directs and/or controls the infringing conduct of the above wholly-owned subsidiaries.  The term "LG," as it is used in this complaint, shall refer

1  collectively to Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith
2  Electronics LLC.

3      35.    Defendant Pioneer Corporation is a Japanese corporation, with its headquarters at
4  1-4-1 Meguro, Meguro-ku, Tokyo 153-8654, Japan, and doing business in this judicial district, at
5  least through its wholly-owned subsidiary.

6      36.    Defendant Pioneer Electronics (USA) Inc. is a Delaware corporation, with its
7  headquarters at 2265 East 220th Street, Long Beach, CA 90810, but doing business in this
8  judicial district.  It is a wholly-owned subsidiary of Pioneer Corporation.

9      37.    Pioneer Corporation effectively directs and/or controls the infringing conduct of
10  the above wholly-owned subsidiary to at least sell the accused products in the United States,
11  including in this judicial district.  The term "Pioneer," as it is used in this complaint, shall refer
12  collectively to Defendants Pioneer Corporation and Pioneer Electronics (USA) Inc.

13      38.    Defendant Sharp Corporation is a Japanese corporation, with its headquarters at
14  22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan, and doing business in this judicial
15  district, at least through its wholly-owned subsidiary.

16      39.    Defendant Sharp Electronics Corporation is a New York corporation, with its
17  headquarters at Sharp Plaza, Mahwah, NJ  07495-1163, but doing business in this judicial district.
18  It is a wholly-owned U.S. sales and marketing subsidiary of Sharp Corporation.

19      40.    Sharp Corporation effectively directs and/or controls the infringing conduct of the
20  above wholly-owned subsidiary to at least sell the accused products in the United States,
21  including in this judicial district.  The term "Sharp," as it is used in this complaint, shall refer
22  collectively to Defendants Sharp Corporation and Sharp Electronics Corporation.

23      41.    Defendant Funai Electric Co., Ltd. is a Japanese corporation, with its headquarters
24  at 7-7-1 Nakagaito, Daito City, Osaka 574-0013, Japan, and doing business in this judicial
25  district, at least through its wholly-owned subsidiary.

26      42.    Defendant Funai Corporation, Inc. is a New Jersey corporation, with its
27  headquarters at 201 Route 17 North, Suite 903, Rutherford, NJ 07070, but doing business in this
28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   judicial district.  It is a wholly-owned North American sales and marketing subsidiary of Funai

2   Electric Co., Ltd. for consumer electronic products.

3        43.    Funai Electric Co., Ltd. effectively directs and/or controls the infringing conduct

4   of the above wholly-owned subsidiary to at least sell the accused products in the United States,

5   including in this judicial district. The term "Funai," as it is used in this complaint, shall refer

6   collectively to Defendants Funai Electric Co., Ltd. and Funai Corporation, Inc.

7        44.    Defendant D&M Holdings Inc. is a Japanese corporation, with its headquarters at

8   D&M Building, 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi, Kanagawa 210-8569, Japan, and

9   doing business in this judicial district, at least through its wholly-owned subsidiaries.

10        45.    Defendant D&M Holdings US, Inc. is a New Jersey corporation, with its

11   headquarters at 100 Corporate Drive, Mahwah, NJ 07430-2041, but doing business in this judicial

12   district.  It is a subsidiary of D&M Holdings Inc. and is the United States regional sales and

13   marketing headquarters for D&M Holdings Inc.  Through its subsidiaries, D&M Holdings US

14   Inc. engages in the design, manufacture, and sale of, *inter alia*, video equipments for D&M

15   Holdings Inc.  D&M Holdings Inc. claims to own the Denon brand.

16        46.    Defendant Denon Electronics (USA), LLC is a New Jersey limited liability

17   company, with its headquarters at 100 Corporate Drive, Mahwah, NJ 07430-2041, but doing

18   business in this judicial district.  It is a wholly-owned subsidiary of D&M Holdings Inc.  D&M

19   Holdings Inc. claims to own the Denon brand.

20        47.    D&M Holdings Inc. effectively directs and/or controls the infringing conduct of

21   the above subsidiaries to at least sell the accused products in the United States, including in this

22   judicial district.  The term "Denon," as it is used in this complaint, shall refer collectively to

23   Defendants D&M Holdings Inc., D&M Holdings US, Inc., and Denon Electronics (USA), LLC.

24   <u>**JURISDICTION**</u>

25        48.    This Court has jurisdiction over TVI's patent infringement claims under 28 U.S.C.

26   § 1338(a), because these claims arise under Acts of Congress relating to patents including, but not

27   limited to, 35 U.S.C. §§ 271(a)-(c), 281, and 283-285.

28        49.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**INTRADISTRICT ASSIGNMENT**

50.     This is a patent infringement action and, under Civil L.R. 3-2(c) and General Order 44 of this Court, venue is proper in any courthouse in this District.  However, pursuant to Civil L.R. 3-3(c) and 3-12(b), TVI will file an administrative motion in the Dismissed Action to consider whether this case should be ordered a "related case" to the Dismissed Action.  The Dismissed Action, which is no longer pending, was venued in the United District Court for the Northern District of California, San Jose Division, before the Honorable Jeremy Fogel, United States District Judge, and the Honorable Howard R. Lloyd, United States Magistrate Judge.  While the Dismissed Action was originally filed in the San Francisco Division, it was ultimately assigned to the San Jose Division.  In accordance with the intent of Civil L.R. 3-3(c), which requires a party who dismisses an action and subsequently refiles it, which is the case here, to not refile the action "for the purposes of obtaining an *assignment* in contravention of Civil L.R. 3-3(b)[,]" (emphasis added), TVI is filing this complaint in the San Jose Division.  TVI seeks to have this action assigned to Judge Fogel, who was responsible for the Dismissed Action.

**FACTUAL BACKGROUND**

***THE PATENTS-IN-SUIT***

51.     On January 28, 1997, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 5,597,307 ("the '307 patent"), entitled Method For Starting Up A Process Automatically On Insertion Of A Storage Media Into A Host Device, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

52.     On November 17, 2005, the USPTO commenced an ex parte reexamination proceeding for the '307 patent.

53.     On January 20, 2009, the USPTO issued an Ex Parte Reexamination Certificate for the '307 patent.  A copy of the '307 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit B.

54.     TVI is the owner of the '307 patent.

/ / /

/ / /

55. On August 18, 1998, the USPTO issued United States Patent No. 5,795,156 ("the '156 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

56. On November 15, 2005, the USPTO commenced an ex parte reexamination proceeding for the '156 patent.

57. On April 8, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '156 patent. A copy of the '156 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit C.

58. TVI is the owner of the '156 patent.

59. On June 19, 2001, the USPTO issued United States Patent No. 6,249,863 ("the '863 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

60. On November 4, 2005, the USPTO commenced an ex parte reexamination proceeding for the '863 patent.

61. On January 1, 2008, the USPTO issued an Ex Parte Reexamination Certificate for the '863 patent. A copy of the '863 patent and the Ex Parte Reexamination Certificate is attached hereto as Exhibit D.

62. TVI is the owner of the '863 patent.

63. On July 9, 2002, the USPTO issued United States Patent No. 6,418,532 ("the '532 patent"), entitled Host Device Equipped With Means For Starting A Process In Response To Detecting Insertion Of A Storage Media, to TVI, as assignee of inventors Peter M. Redford and Donald S. Stern.

64. On November 21, 2005, the USPTO commenced an inter partes reexamination proceeding for the '532 patent.

65. On September 30, 2008, the USPTO issued an Inter Partes Reexamination

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    Certificate for the '532 patent. A copy of the '532 patent and the Inter Partes Reexamination

2    Certificate is attached hereto as Exhibit E.

3           66.    TVI is the owner of the '532 patent.

4           67.    TVI exercises its rights under the '307, '156, '863, and '532 patents (collectively

5    the "patents-in-suit") by granting license rights. Microsoft Corporation is a company that has

6    taken a license to the patents-in-suit.

7    **FACTS RELATING TO SONY'S INFRINGEMENT OF THE PATENTS-IN-SUIT**

8           68.    Defendant Sony became aware of the patents-in-suit no later than October 20,

9    2004, when TVI initiated a lawsuit captioned *TV Interactive Data Corp. v. Fujitsu, Ltd., et al.*,

10   Case No. C 04-03367 (JSW) (N.D. Cal.) (the "OEM lawsuit"). In the OEM lawsuit, TVI alleged

11   that Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. infringed the

12   patents-in-suit by making, using, selling, offering to sell, supplying, and/or causing to supplied,

13   personal computers pre-installed with versions of Microsoft Windows™ operating system

14   software that contain the AutoPlay feature.

15          69.    TVI had originally brought its claims for patent infringement by the Windows™

16   operating systems containing the AutoPlay feature against only Microsoft Corporation in a case

17   captioned *TV Interactive Data Corp. v. Microsoft Corp.*, Case No. C 02-02385 (JSW) (EDL)

18   (N.D. Cal.) (the "Microsoft lawsuit"). However, TVI brought the OEM lawsuit because

19   Microsoft Corporation denied its liability, indicating instead that the original equipment

20   manufacturers that pre-installed the Windows™ products were liable for any infringement of the

21   asserted TVI patents.

22          70.    TVI and Microsoft Corporation settled the Microsoft lawsuit on October 7, 2005.

23          71.    TVI and Microsoft Corporation shared the Confidential Settlement and License

24   Agreements, dated October 28, 2005 (the "Microsoft Settlement Agreement"), with designated

25   counsel for the OEM lawsuit defendants pursuant to a February 10, 2006 confidentiality

26   agreement.

27          72.    TVI and the OEM lawsuit defendants, including the three Sony entities identified

28   in Paragraph 68, agreed to dismiss the OEM lawsuit with prejudice. That agreement, however,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   did not grant the OEM lawsuit defendants rights to make, use, offer to sell, sell, import, or

2   otherwise practice the asserted TVI patents beyond those rights conferred in the Microsoft

3   Settlement Agreement.

4         73.    In light of the settlement of the Microsoft lawsuit, TVI and the OEM lawsuit

5   defendants stipulated to the dismissal of the OEM lawsuit.  An order granting the stipulated

6   dismissal was executed on February 16, 2006.  A true and correct copy of the Stipulation for

7   Dismissal With Prejudice and Order Thereon is attached hereto as Exhibit F.

8         74.    Despite Sony's knowledge of the patents-in-suit and the limited scope of their

9   protection under those patents, Sony has nevertheless elected to engage in activity that infringes

10   one or more claims of the patents-in-suit.

11         75.    Defendants Sony Corporation, Sony Corporation of America, and Sony

12   Electronics, Inc. make, use, sell, offer to sell, import, supply, and/or cause to be supplied, in or

13   into the United States, Blu-ray player and/or DVD player devices containing the automatic

14   playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.  The

15   accused products or devices include the Sony BDP-S550 and the Sony DVPNS700H/B, and all

16   other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting

17   insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a

18   process or executing an application without rebooting.

19         76.    Defendants Sony Corporation, Sony Computer Entertainment Inc., and Sony

20   Computer Entertainment America, Inc. make, use, sell, offer to sell, import, supply, and/or cause

21   to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing

22   the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532

23   patents.  The accused products or devices include the Sony PS3, and all other Blu-ray players and

24   DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

25   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

26   application without rebooting.

27         77.    Sony offers to sell or sells within the United States or imports into the United

28   States material components of TVI's patented inventions, such as software loaded onto the

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

accused Sony devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Sony devices. Sony knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Sony devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

78.     Sony's customers who purchase the accused Sony devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

79.     Sony actively and knowingly induces its customers who purchase the accused Sony devices to directly infringe one or more claims of the patents-in-suit.

80.     Sony configures the accused Sony devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Sony devices by a user. Sony also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Sony devices.

81.     At least the actions described in the preceding paragraph induce Sony's customers to directly infringe one or more claims of the patents-in-suit. Sony, furthermore, knows or should know that its actions induce actual infringement.

82.     Sony's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Sony is enjoined from infringing the patents.

83.     Sony's infringement, furthermore, is and has been willful. Sony has had knowledge of the patents-in-suit since at least October 2004 – patents that have undergone a thorough reexamination by the United States Patent and Trademark Office. Sony is aware that any protection it presently enjoys under the patents-in-suit is limited in scope, as made clear in the Stipulation for Dismissal With Prejudice and Order Thereon. (Ex. F.) Notwithstanding these facts and this knowledge, Sony elected to engage in activity that infringes the patents-in-suit. Sony did not even attempt to contact TVI to discuss acquiring a potential license for the

1   infringing activity. Sony acted and continues to act in the face of an objectively high likelihood

2   that those actions constitute and constituted infringement of the patents-in-suit. Sony is and was

3   aware of its infringement. At a minimum, Sony's infringement is (and was) so obvious that Sony

4   should know (and should have known) that its actions result in (and resulted in) infringement of

5   one or more claims of the patents-in-suit.

6   **FACTS RELATING TO SAMSUNG'S INFRINGEMENT OF THE PATENTS-IN-SUIT**

7   84.     Defendant Samsung became aware of the patents-in-suit no later than October 6,

8   2009, when TVI initiated the Dismissed Action.

9   85.     Samsung makes, uses, sells, offers to sell, imports, supplies, and/or causes to be

10  supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the

11  automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.

12  The accused products or devices include the Samsung DVD1080P8 and the Samsung BD-P2500,

13  and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically

14  detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically

15  starting a process or executing an application without rebooting.

16  86.     Samsung offers to sell or sells within the United States or imports into the United

17  States material components of TVI's patented inventions, such as software loaded onto the

18  accused Samsung devices, and/or firmware and/or hardware (e.g., chipsets) contained in the

19  accused Samsung devices. Samsung knows that those material components are (1) especially

20  made or especially adapted for use with the infringing automatic playback technology in the

21  accused Samsung devices, resulting in infringement of apparatus and/or method claims of the

22  patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial

23  non-infringing use.

24  87.     Samsung's customers who purchase the accused Samsung devices use those

25  devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs)

26  that directly infringes one or more claims of the patents-in-suit.

27  88.     Samsung actively and knowingly induces its customers who purchase the accused

28  Samsung devices to directly infringe one or more claims of the patents-in-suit.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

89.     Samsung configures the accused Samsung devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Samsung devices by a user.  Samsung also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Samsung devices.

90.     At least the actions described in the preceding paragraph induce Samsung's customers to directly infringe one or more claims of the patents-in-suit.  Samsung, furthermore, knows or should know that its actions induce actual infringement.

91.     Samsung's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Samsung is enjoined from infringing the patents.

### FACTS RELATING TO PHILIP'S INFRINGEMENT OF THE PATENTS-IN-SUIT

92.     Defendant Philips became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

93.     Philips makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Philips BDP7200, Philips DVP5900, Magnavox MDV453, and Magnavox NB500MS9, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

94.     Philips offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused Philips devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Philips devices.  Philips knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Philips devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

infringing use.

95.     Philips' customers who purchase the accused Philips devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

96.     Philips actively and knowingly induces its customers who purchase the accused Philips devices to directly infringe one or more claims of the patents-in-suit.

97.     Philips configures the accused Philips devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Philips devices by a user. Philips also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Philips devices.

98.     At least the actions described in the preceding paragraph induce Philips' customers to directly infringe one or more claims of the patents-in-suit. Philips, furthermore, knows or should know that its actions induce actual infringement.

99.     Philips' direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Philips is enjoined from infringing the patents.

### FACTS RELATING TO TOSHIBA'S INFRINGEMENT OF THE PATENTS-IN-SUIT

100.     Defendant Toshiba became aware of the patents-in-suit no later than October 20, 2004, when TVI initiated the OEM lawsuit. In that lawsuit, TVI alleged that Toshiba Corporation and Toshiba America, Inc. infringed the patents-in-suit by making, using, selling, offering to sell, supplying, and/or causing to supplied, personal computers pre-installed with versions of Microsoft Windows™ operating system software that contain the AutoPlay feature.

101.     TVI had originally brought its claims for patent infringement by the Windows™ operating systems containing the AutoPlay feature against only Microsoft Corporation in the Microsoft lawsuit. However, TVI brought the OEM lawsuit because Microsoft Corporation denied its liability, indicating instead that the original equipment manufacturers that pre-installed the Windows™ products were liable for any infringement of the asserted TVI patents.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

102. TVI and Microsoft Corporation settled the Microsoft lawsuit on October 7, 2005.

103. TVI and Microsoft Corporation shared the Microsoft Settlement Agreement with designated counsel for the OEM lawsuit defendants pursuant to a February 10, 2006 confidentiality agreement.

104. TVI and the OEM lawsuit defendants, including the two Toshiba entities identified in Paragraph 100, agreed to dismiss the OEM lawsuit with prejudice. That agreement, however, did not grant the OEM lawsuit defendants rights to make, use, offer to sell, sell, import, or otherwise practice the asserted TVI patents beyond those rights conferred in the Microsoft Settlement Agreement.

105. In light of the settlement of the Microsoft lawsuit, TVI and the OEM lawsuit defendants stipulated to the dismissal of the OEM lawsuit. An order granting the stipulated dismissal was executed on February 16, 2006. *See* Exhibit F.

106. Despite Toshiba's knowledge of the patents-in-suit and the limited scope of their protection under those patents, Toshiba has nevertheless elected to engage in activity that infringes one or more claims of the patents-in-suit.

107. Toshiba makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Toshiba XD-E500 and the Toshiba SD-6100, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

108. Toshiba's customers who purchase the accused Toshiba devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

109. Toshiba actively and knowingly induces its customers who purchase the accused Toshiba devices to directly infringe one or more claims of the patents-in-suit.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

110.     Toshiba configures the accused Toshiba devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Toshiba devices by a user.  Toshiba also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Toshiba devices.

111.     At least the actions described in the preceding paragraph induce Toshiba's customers to directly infringe one or more claims of the patents-in-suit.  Toshiba, furthermore, knows or should know that its actions induce actual infringement.

112.     Toshiba's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Toshiba is enjoined from infringing the patents.

113.     Toshiba's infringement, furthermore, is and has been willful.  Toshiba has had knowledge of the patents-in-suit since at least October 2004 – patents that have undergone a thorough reexamination by the United States Patent and Trademark Office.  Toshiba is aware that any protection it presently enjoys under the patents-in-suit is limited in scope, as made clear in the Stipulation for Dismissal With Prejudice and Order Thereon (Ex. F).  Notwithstanding these facts and this knowledge, Toshiba elected to engage in activity that infringes the patents-in-suit. Toshiba did not even attempt to contact TVI to discuss acquiring a potential license for the infringing activity.  Toshiba acted and continues to act in the face of an objectively high likelihood that those actions constitute and constituted infringement of the patents-in-suit. Toshiba is and was aware of its infringement.  At a minimum, Toshiba's infringement is (and was) so obvious that Toshiba should know (and should have known) that its actions result in (and resulted in) infringement of one or more claims of the patents-in-suit.

### FACTS RELATING TO PANASONIC'S INFRINGEMENT OF THE PATENTS-IN-SUIT

114.     Defendant Panasonic became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

115.     Panasonic makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the

automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Panasonic DMP-BD35 and the Panasonic DVD-S54, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

116.    Panasonic offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused Panasonic devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Panasonic devices. Panasonic knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Panasonic devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

117.    Panasonic's customers who purchase the accused Panasonic devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

118.    Panasonic actively and knowingly induces its customers who purchase the accused Panasonic devices to directly infringe one or more claims of the patents-in-suit.

119.    Panasonic configures the accused Panasonic devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Panasonic devices by a user. Panasonic also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Panasonic devices.

120.    At least the actions described in the preceding paragraph induce Panasonic's customers to directly infringe one or more claims of the patents-in-suit. Panasonic, furthermore, knows or should know that its actions induce actual infringement.

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

121. Panasonic's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Panasonic is enjoined from infringing the patents.

*FACTS RELATING TO JVC'S INFRINGEMENT OF THE PATENTS-IN-SUIT*

122. Defendant JVC became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

123. JVC makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

124. JVC offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused JVC devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused JVC devices. JVC knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused JVC devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

125. JVC's customers who purchase the accused JVC devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

126. JVC actively and knowingly induces its customers who purchase the accused JVC devices to directly infringe one or more claims of the patents-in-suit.

127. JVC configures the accused JVC devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused JVC devices by a user. JVC also, or alternatively, instructs its customers through manuals and/or other

means to enable and/or use the automatic playback technology in the accused JVC devices.

128. At least the actions described in the preceding paragraph induce JVC's customers to directly infringe one or more claims of the patents-in-suit. JVC, furthermore, knows or should know that its actions induce actual infringement.

129. JVC's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless JVC is enjoined from infringing the patents.

***FACTS RELATING TO LG'S INFRINGEMENT OF THE PATENTS-IN-SUIT***

130. Defendant LG became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

131. Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. make, use, sell, offer to sell, import, supply, and/or cause to be supplied, in or into United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the LG BD300 and the LG DN898, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

132. Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC make, use, sell, offer to sell, import, supply, and/or cause to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

133. LG offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused LG devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused LG devices.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

LG knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused LG devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

134. LG's customers who purchase the accused LG devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

135. LG actively and knowingly induces its customers who purchase the accused LG devices to directly infringe one or more claims of the patents-in-suit.

136. LG configures the accused LG devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused LG devices by a user. LG also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused LG devices.

137. At least the actions described in the preceding paragraph induce LG's customers to directly infringe one or more claims of the patents-in-suit. LG, furthermore, knows or should know that its actions induce actual infringement.

138. LG's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless LG is enjoined from infringing the patents.

**FACTS RELATING TO PIONEER'S INFRINGEMENT OF THE PATENTS-IN-SUIT**

139. Defendant Pioneer became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

140. Pioneer makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Pioneer BDP-51FD and the Pioneer DV-410V-K, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically

/ / /

detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

141.    Pioneer offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused Pioneer devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Pioneer devices.  Pioneer knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Pioneer devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

142.    Pioneer's customers who purchase the accused Pioneer devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

143.    Pioneer actively and knowingly induces its customers who purchase the accused Pioneer devices to directly infringe one or more claims of the patents-in-suit.

144.    Pioneer configures the accused Pioneer devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Pioneer devices by a user.  Pioneer also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Pioneer devices.

145.    At least the actions described in the preceding paragraph induce Pioneer's customers to directly infringe one or more claims of the patents-in-suit.  Pioneer, furthermore, knows or should know that its actions induce actual infringement.

146.    Pioneer's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Pioneer is enjoined from infringing the patents.

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

*FACTS RELATING TO SHARP'S INFRINGEMENT OF THE PATENTS-IN-SUIT*

147.    Defendant Sharp became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

148.    Sharp makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Sharp BD-HP50U and the Sharp BD-HP22U, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

149.    Sharp offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused Sharp devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Sharp devices. Sharp knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Sharp devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

150.    Sharp's customers who purchase the accused Sharp devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

151.    Sharp actively and knowingly induces its customers who purchase the accused Sharp devices to directly infringe one or more claims of the patents-in-suit.

152.    Sharp configures the accused Sharp devices to automatically run and/or utilize the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused Sharp devices by a user. Sharp also, or alternatively, instructs its customers through manuals and/or other means to enable and/or use the automatic playback technology in the accused Sharp devices.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

153. At least the actions described in the preceding paragraph induce Sharp's customers to directly infringe one or more claims of the patents-in-suit. Sharp, furthermore, knows or should know that its actions induce actual infringement.

154. Sharp's direct and indirect infringement of the '307, '156, '863, and '532 patents has injured TVI and will cause irreparable injury in the future unless Sharp is enjoined from infringing the patents.

*FACTS RELATING TO FUNAI'S INFRINGEMENT OF THE PATENTS-IN-SUIT*

155. Defendant Funai became aware of the patents-in-suit no later than October 6, 2009, when TVI initiated the Dismissed Action.

156. Funai makes, uses, sells, offers to sell, imports, supplies, and/or causes to be supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents. The accused products or devices include the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

157. Funai offers to sell or sells within the United States or imports into the United States material components of TVI's patented inventions, such as software loaded onto the accused Funai devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused Funai devices. Funai knows that those material components are (1) especially made or especially adapted for use with the infringing automatic playback technology in the accused Funai devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit, and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing use.

158. Funai's customers who purchase the accused Funai devices use those devices in a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that directly infringes one or more claims of the patents-in-suit.

159. Funai actively and knowingly induces its customers who purchase the accused Funai devices to directly infringe one or more claims of the patents-in-suit.

1    160.    Funai configures the accused Funai devices to automatically run and/or utilize the

2    automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused

3    Funai devices by a user.  Funai also, or alternatively, instructs its customers through manuals

4    and/or other means to enable and/or use the automatic playback technology in the accused Funai

5    devices.

6    161.    At least the actions described in the preceding paragraph induce Funai's customers

7    to directly infringe one or more claims of the patents-in-suit.  Funai, furthermore, knows or

8    should know that its actions induce actual infringement.

9    162.    Funai's direct and indirect infringement of the '307, '156, '863, and '532 patents

10   has injured TVI and will cause irreparable injury in the future unless Funai is enjoined from

11   infringing the patents.

12   **FACTS RELATING TO DENON'S INFRINGEMENT OF THE PATENTS-IN-SUIT**

13   163.    Defendant Denon became aware of the patents-in-suit no later than October 6,

14   2009, when TVI initiated the Dismissed Action.

15   164.    Denon makes, uses, sells, offers to sell, imports, supplies, and/or causes to be

16   supplied, in or into the United States, Blu-ray player and/or DVD player devices containing the

17   automatic playback technology disclosed and claimed in the '307, '156, '863, and '532 patents.

18   The accused products or devices include the Denon DVD-2500BTCI and the Denon DVD-

19   1940CI, and all other Blu-ray players and DVD players capable of, after initial boot-up,

20   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

21   automatically starting a process or executing an application without rebooting.

22   165.    Denon offers to sell or sells within the United States or imports into the United

23   States material components of TVI's patented inventions, such as software loaded onto the

24   accused Denon devices, and/or firmware and/or hardware (e.g., chipsets) contained in the accused

25   Denon devices.  Denon knows that those material components are (1) especially made or

26   especially adapted for use with the infringing automatic playback technology in the accused

27   Denon devices, resulting in infringement of apparatus and/or method claims of the patents-in-suit,

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    and (2) are not staple articles or commodities of commerce suitable for substantial non-infringing

2    use.

3        166.    Denon's customers who purchase the accused Denon devices use those devices in

4    a manner (e.g., use the automatic playback technology with DVD and/or Blu-ray discs) that

5    directly infringes one or more claims of the patents-in-suit.

6        167.    Denon actively and knowingly induces its customers who purchase the accused

7    Denon devices to directly infringe one or more claims of the patents-in-suit.

8        168.    Denon configures the accused Denon devices to automatically run and/or utilize

9    the automatic playback technology upon insertion of DVD and/or Blu-ray discs into the accused

10   Denon devices by a user.  Denon also, or alternatively, instructs its customers through manuals

11   and/or other means to enable and/or use the automatic playback technology in the accused Denon

12   devices.

13       169.    At least the actions described in the preceding paragraph induce Denon's

14   customers to directly infringe one or more claims of the patents-in-suit.  Denon, furthermore,

15   knows or should know that its actions induce actual infringement.

16       170.    Denon's direct and indirect infringement of the '307, '156, '863, and '532 patents

17   has injured TVI and will cause irreparable injury in the future unless Denon is enjoined from

18   infringing the patents.

19   **COUNT I — PATENT INFRINGEMENT OF THE '307 PATENT BY SONY**

20       171.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

21   paragraphs of this complaint and incorporates them herein.

22       172.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have

23   infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

24   more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing

25   to be supplied, using, and/or causing to be used, in or into the United States, devices and/or

26   systems and methods that embody or practice the inventions claimed in the '307 patent.  The

27   Sony products that embody the inventions claimed in the '307 patent include, but are not limited

28   to, the Sony BDP-S550 and the Sony DVPNS700H/B and all other Blu-ray players and DVD

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

173.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Sony products that embody the inventions claimed in the '307 patent include, but are not limited to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

174.    The infringement by Sony of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

175.    The infringement by Sony of the '307 patent is and has been willful.

176.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Sony at least by filing the Dismissed Action.

**COUNT II — PATENT INFRINGEMENT OF THE '156 PATENT BY SONY**

177.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

178.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Sony products that embody the inventions claimed in the '156 patent include, but are not limited to, the Sony BDP-S550 and the Sony DVPNS700H/B and all other Blu-ray players and DVD

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

2   such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

3   without rebooting.

4       179.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer

5   Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily,

6   and/or by active inducement—one or more claims of the '156 patent, by making, importing,

7   offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or

8   into the United States, devices and/or systems and methods that embody or practice the inventions

9   claimed in the '156 patent.  The Sony products that embody the inventions claimed in the '156

10  patent include, but are not limited to, the Sony PS3 and all other Blu-ray players and DVD

11  players capable of, after initial boot-up, automatically detecting insertion of a storage medium,

12  such as a Blu-ray or DVD disc, and automatically starting a process or executing an application

13  without rebooting.

14      180.    The infringement by Sony of the '156 patent has injured and continues to injure

15  TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

16      181.    The infringement by Sony of the '156 patent is and has been willful.

17      182.    TVI has complied with the statutory requirement of giving notice of the '156

18  patent to Sony at least by filing the Dismissed Action.

19  **COUNT III — PATENT INFRINGEMENT OF THE '863 PATENT BY SONY**

20      183.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

21  paragraphs of this complaint and incorporates them herein.

22      184.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc.  have

23  infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or

24  more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing

25  to be supplied, using, and/or causing to be used, in or into the United States, devices and/or

26  systems and methods that embody or practice the inventions claimed in the '863 patent.  The

27  Sony products that embody the inventions claimed in the '863 patent include, but are not limited

28  to, the Sony BDP-S550 and the Sony DVPNS700H/B and all other Blu-ray players and DVD

players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

185.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent.  The Sony products that embody the inventions claimed in the '863 patent include, but are not limited to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

186.    The infringement by Sony of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

187.    The infringement by Sony of the '863 patent is and has been willful.

188.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Sony at least by filing the Dismissed Action.

### COUNT IV — PATENT INFRINGEMENT OF THE '532 PATENT BY SONY

189.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

190.    Sony Corporation, Sony Corporation of America, and Sony Electronics, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Sony products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sony BDP-S550 and the Sony DVPNS700H/B and all other Blu-ray players and DVD

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

191.    Sony Corporation, Sony Computer Entertainment Inc., and Sony Computer Entertainment America, Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Sony products that embody the inventions claimed in the '532 patent include, but are not limited to, the Sony PS3 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

192.    The infringement by Sony of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sony is enjoined from infringing the patent.

193.    The infringement by Sony of the '532 patent is and has been willful.

194.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Sony at least by filing the Dismissed Action.

**COUNT V — PATENT INFRINGEMENT OF THE '307 PATENT BY SAMSUNG**

195.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

196.    Samsung has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Samsung products that embody the inventions claimed in the '307 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

2  automatically starting a process or executing an application without rebooting.

3      197.    The infringement by Samsung of the '307 patent has injured and continues to

4  injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

5  patent.

6      198.    TVI has complied with the statutory requirement of giving notice of the '307

7  patent to Samsung at least by filing the Dismissed Action.

8  **COUNT VI — PATENT INFRINGEMENT OF THE '156 PATENT BY SAMSUNG**

9      199.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

10  paragraphs of this complaint and incorporates them herein.

11      200.    Samsung has infringed and continues to infringe—directly, contributorily, and/or

12  by active inducement—one or more claims of the '156 patent, by making, importing, offering to

13  sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the

14  United States, devices and/or systems and methods that embody or practice the inventions

15  claimed in the '156 patent.  The Samsung products that embody the inventions claimed in the

16  '156 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-

17  P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up,

18  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

19  automatically starting a process or executing an application without rebooting.

20      201.    The infringement by Samsung of the '156 patent has injured and continues to

21  injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

22  patent.

23      202.    TVI has complied with the statutory requirement of giving notice of the '156

24  patent to Samsung at least by filing the Dismissed Action.

25  **COUNT VII — PATENT INFRINGEMENT OF THE '863 PATENT BY SAMSUNG**

26      203.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

27  paragraphs of this complaint and incorporates them herein.

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    204.   Samsung has infringed and continues to infringe—directly, contributorily, and/or

2    by active inducement—one or more claims of the '863 patent, by making, importing, offering to

3    sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the

4    United States, devices and/or systems and methods that embody or practice the inventions

5    claimed in the '863 patent.  The Samsung products that embody the inventions claimed in the

6    '863 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-

7    P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up,

8    automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

9    automatically starting a process or executing an application without rebooting.

10    205.   The infringement by Samsung of the '863 patent has injured and continues to

11    injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the

12    patent.

13    206.   TVI has complied with the statutory requirement of giving notice of the '863

14    patent to Samsung at least by filing the Dismissed Action.

15    **COUNT VIII — PATENT INFRINGEMENT OF THE '532 PATENT BY SAMSUNG**

16    207.   Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

17    paragraphs of this complaint and incorporates them herein.

18    208.   Samsung has infringed and continues to infringe—directly, contributorily, and/or

19    by active inducement—one or more claims of the '532 patent, by making, importing, offering to

20    sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the

21    United States, devices and/or systems and methods that embody or practice the inventions

22    claimed in the '532 patent.  The Samsung products that embody the inventions claimed in the

23    '532 patent include, but are not limited to, the Samsung DVD1080P8 and the Samsung BD-

24    P2500 and all other Blu-ray players and DVD players capable of, after initial boot-up,

25    automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

26    automatically starting a process or executing an application without rebooting.

27    / / /

28    / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

209.    The infringement by Samsung of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Samsung is enjoined from infringing the patent.

210.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Samsung at least by filing the Dismissed Action.

**COUNT IX — PATENT INFRINGEMENT OF THE '307 PATENT BY PHILIPS**

211.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

212.    Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Philips products that embody the inventions claimed in the '307 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

213.    The infringement by Philips of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

214.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Philips at least by filing the Dismissed Action.

**COUNT X — PATENT INFRINGEMENT OF THE '156 PATENT BY PHILIPS**

215.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

216.    Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the

'156 patent. The Philips products that embody the inventions claimed in the '156 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

217. The infringement by Philips of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

218. TVI has complied with the statutory requirement of giving notice of the '156 patent to Philips at least by filing the Dismissed Action.

**COUNT XI— PATENT INFRINGEMENT OF THE '863 PATENT BY PHILIPS**

219. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

220. Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Philips products that embody the inventions claimed in the '863 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

221. The infringement by Philips of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

222. TVI has complied with the statutory requirement of giving notice of the '863 patent to Philips at least by filing the Dismissed Action.

**COUNT XII — PATENT INFRINGEMENT OF THE '532 PATENT BY PHILIPS**

223. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

224.    Philips has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.  The Philips products that embody the inventions claimed in the '532 patent include, but are not limited to, the Philips BDP7200, the Philips DVP5990, the Magnavox MDV453, and the Magnavox NB500MS9 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

225.    The infringement by Philips of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Philips is enjoined from infringing the patent.

226.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Philips at least by filing the Dismissed Action.

**COUNT XIII — PATENT INFRINGEMENT OF THE '307 PATENT BY TOSHIBA**

227.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

228.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Toshiba products that embody the inventions claimed in the '307 patent include, but are not limited to, the Toshiba XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

229.    The infringement by Toshiba of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

230.    The infringement by Toshiba of the '307 patent is and has been willful.

231.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Toshiba at least by filing the Dismissed Action.

**COUNT XIV — PATENT INFRINGEMENT OF THE '156 PATENT BY TOSHIBA**

232.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

233.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Toshiba products that embody the inventions claimed in the '156 patent include, but are not limited to, the Toshiba XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

234.    The infringement by Toshiba of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

235.    The infringement by Toshiba of the '156 patent is and has been willful.

236.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Toshiba at least by filing the Dismissed Action.

**COUNT XV — PATENT INFRINGEMENT OF THE '863 PATENT BY TOSHIBA**

237.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

238.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Toshiba products that embody the inventions claimed in the '863 patent include, but are not limited to, the Toshiba XD-E500 and the Toshiba SD-6100 and all other Blu-ray

players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

239.    The infringement by Toshiba of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

240.    The infringement by Toshiba of the '863 patent is and has been willful.

241.    TVI has complied with the statutory requirement of giving notice of the '863 patent to Toshiba at least by filing the Dismissed Action.

**COUNT XVI — PATENT INFRINGEMENT OF THE '532 PATENT BY TOSHIBA**

242.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

243.    Toshiba has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Toshiba products that embody the inventions claimed in the '532 patent include, but are not limited to, the Toshiba XD-E500 and the Toshiba SD-6100 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

244.    The infringement by Toshiba of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Toshiba is enjoined from infringing the patent.

245.    The infringement by Toshiba of the '532 patent is and has been willful.

246.    TVI has complied with the statutory requirement of giving notice of the '532 patent to Toshiba at least by filing the Dismissed Action.

**COUNT XVII — PATENT INFRINGEMENT OF THE '307 PATENT BY PANASONIC**

247.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

248. Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent. The Panasonic products that embody the inventions claimed in the '307 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

249. The infringement by Panasonic of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

250. TVI has complied with the statutory requirement of giving notice of the '307 patent to Panasonic at least by filing the Dismissed Action.

**COUNT XVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY PANASONIC**

251. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

252. Panasonic has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent. The Panasonic products that embody the inventions claimed in the '156 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

/ / /

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  253.    The infringement by Panasonic of the '156 patent has injured and continues to

2  injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

3  patent.

4  254.    TVI has complied with the statutory requirement of giving notice of the '156

5  patent to Panasonic at least by filing the Dismissed Action.

6  **COUNT XIX — PATENT INFRINGEMENT OF THE '863 PATENT BY PANASONIC**

7  255.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

8  paragraphs of this complaint and incorporates them herein.

9  256.    Panasonic has infringed and continues to infringe—directly, contributorily, and/or

10  by active inducement—one or more claims of the '863 patent, by making, importing, offering to

11  sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the

12  United States, devices and/or systems and methods that embody or practice the inventions

13  claimed in the '863 patent.  The Panasonic products that embody the inventions claimed in the

14  '863 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-

15  S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically

16  detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically

17  starting a process or executing an application without rebooting.

18  257.    The infringement by Panasonic of the '863 patent has injured and continues to

19  injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the

20  patent.

21  258.    TVI has complied with the statutory requirement of giving notice of the '863

22  patent to Panasonic at least by filing the Dismissed Action.

23  **COUNT XX — PATENT INFRINGEMENT OF THE '532 PATENT BY PANASONIC**

24  259.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

25  paragraphs of this complaint and incorporates them herein.

26  260.    Panasonic has infringed and continues to infringe—directly, contributorily, and/or

27  by active inducement—one or more claims of the '532 patent, by making, importing, offering to

28  sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the

United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The Panasonic products that embody the inventions claimed in the '532 patent include, but are not limited to, the Panasonic DMP-BD35 and the Panasonic DVD-S54 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

261. The infringement by Panasonic of the '532 patent has injured and continues to injure TVI, and will cause irreparable harm unless Panasonic is enjoined from infringing the patent.

262. TVI has complied with the statutory requirement of giving notice of the '532 patent to Panasonic at least by filing the Dismissed Action.

**COUNT XXI — PATENT INFRINGEMENT OF THE '307 PATENT BY JVC**

263. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

264. JVC has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent. The JVC products that embody the inventions claimed in the '307 patent include, but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

265. The infringement by JVC of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

266. TVI has complied with the statutory requirement of giving notice of the '307 patent to JVC at least by filing the Dismissed Action.

/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    **COUNT XXII — PATENT INFRINGEMENT OF THE '156 PATENT BY JVC**

2        267.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

3    paragraphs of this complaint and incorporates them herein.

4        268.    JVC has infringed and continues to infringe—directly, contributorily, and/or by

5    active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

6    selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

7    States, devices and/or systems and methods that embody or practice the inventions claimed in the

8    '156 patent.  The JVC products that embody the inventions claimed in the '156 patent include,

9    but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players

10   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

11   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

12   application without rebooting.

13       269.    The infringement by JVC of the '156 patent has injured and continues to injure

14   TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

15       270.    TVI has complied with the statutory requirement of giving notice of the '156

16   patent to JVC at least by filing the Dismissed Action.

17   **COUNT XXIII — PATENT INFRINGEMENT OF THE '863 PATENT BY JVC**

18       271.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

19   paragraphs of this complaint and incorporates them herein.

20       272.    JVC has infringed and continues to infringe—directly, contributorily, and/or by

21   active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

22   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

23   States, devices and/or systems and methods that embody or practice the inventions claimed in the

24   '863 patent.  The JVC products that embody the inventions claimed in the '863 patent include,

25   but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players

26   and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

27   medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

28   application without rebooting.

1  273.  The infringement by JVC of the '863 patent has injured and continues to injure

2  TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

3  274.  TVI has complied with the statutory requirement of giving notice of the '863

4  patent to JVC at least by filing the Dismissed Action.

5  **COUNT XXIV — PATENT INFRINGEMENT OF THE '532 PATENT BY JVC**

6  275.  Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

7  paragraphs of this complaint and incorporates them herein.

8  276.  JVC has infringed and continues to infringe—directly, contributorily, and/or by

9  active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

10  selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

11  States, devices and/or systems and methods that embody or practice the inventions claimed in the

12  '532 patent.  The JVC products that embody the inventions claimed in the '532 patent include,

13  but are not limited to, the JVC DR-MV79B and the JVC XV-BP1, and all other Blu-ray players

14  and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage

15  medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an

16  application without rebooting.

17  277.  The infringement by JVC of the '532 patent has injured and continues to injure

18  TVI, and will cause irreparable harm unless JVC is enjoined from infringing the patent.

19  278.  TVI has complied with the statutory requirement of giving notice of the '532

20  patent to JVC at least by filing the Dismissed Action.

21  **COUNT XXV — PATENT INFRINGEMENT OF THE '307 PATENT BY LG**

22  279.  Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

23  paragraphs of this complaint and incorporates them herein.

24  280.  LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

25  to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

26  '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied,

27  using, and/or causing to be used, in or into the United States, devices and/or systems and methods

28  that embody or practice the inventions claimed in the '307 patent.  The LG products that embody

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

the inventions claimed in the '307 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

281.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent. The Zenith products that embody the inventions claimed in the '307 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

282.    The infringement by LG of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

283.    TVI has complied with the statutory requirement of giving notice of the '307 patent to LG at least by filing the Dismissed Action.

### COUNT XXVI — PATENT INFRINGEMENT OF THE '156 PATENT BY LG

284.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

285.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The LG products that embody the inventions claimed in the '156 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

1  automatically starting a process or executing an application without rebooting.

2  286. LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

3  have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

4  one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying,

5  causing to be supplied, using, and/or causing to be used, in or into the United States, devices

6  and/or systems and methods that embody or practice the inventions claimed in the '156 patent.

7  The Zenith products that embody the inventions claimed in the '156 patent include, but are not

8  limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after

9  initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD

10  disc, and automatically starting a process or executing an application without rebooting.

11  287. The infringement by LG of the '156 patent has injured and continues to injure

12  TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

13  288. TVI has complied with the statutory requirement of giving notice of the '156

14  patent to LG at least by filing the Dismissed Action.

15  **COUNT XXVII — PATENT INFRINGEMENT OF THE '863 PATENT BY LG**

16  289. Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

17  paragraphs of this complaint and incorporates them herein.

18  290. LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue

19  to infringe—directly, contributorily, and/or by active inducement—one or more claims of the

20  '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied,

21  using, and/or causing to be used, in or into the United States, devices and/or systems and methods

22  that embody or practice the inventions claimed in the '863 patent. The LG products that embody

23  the inventions claimed in the '863 patent include, but are not limited to, the LG BD300 and the

24  LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up,

25  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

26  automatically starting a process or executing an application without rebooting.

27  291. LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC

28  have infringed and continue to infringe—directly, contributorily, and/or by active inducement—

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

one or more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '863 patent. The Zenith products that embody the inventions claimed in the '863 patent include, but are not limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

292.    The infringement by LG of the '863 patent has injured and continues to injure TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

293.    TVI has complied with the statutory requirement of giving notice of the '863 patent to LG at least by filing the Dismissed Action.

**COUNT XXVIII — PATENT INFRINGEMENT OF THE '532 PATENT BY LG**

294.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

295.    LG Electronics, Inc. and LG Electronics U.S.A., Inc. have infringed and continue to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent. The LG products that embody the inventions claimed in the '532 patent include, but are not limited to, the LG BD300 and the LG DN898 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

296.    LG Electronics, Inc., LG Electronics U.S.A., Inc., and Zenith Electronics LLC have infringed and continue to infringe—directly, contributorily, and/or by active inducement— one or more claims of the '532 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '532 patent.

1　The Zenith products that embody the inventions claimed in the '532 patent include, but are not

2　limited to, the Zenith DVB612 and all other Blu-ray players and DVD players capable of, after

3　initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD

4　disc, and automatically starting a process or executing an application without rebooting.

5　　　297.　The infringement by LG of the '532 patent has injured and continues to injure

6　TVI, and will cause irreparable harm unless LG is enjoined from infringing the patent.

7　　　298.　TVI has complied with the statutory requirement of giving notice of the '532

8　patent to LG at least by filing the Dismissed Action.

9　**COUNT XXIX — PATENT INFRINGEMENT OF THE '307 PATENT BY PIONEER**

10　　　299.　Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

11　paragraphs of this complaint and incorporates them herein.

12　　　300.　Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

13　active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

14　selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

15　States, devices and/or systems and methods that embody or practice the inventions claimed in the

16　'307 patent.  The Pioneer products that embody the inventions claimed in the '307 patent include,

17　but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray

18　players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

19　storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

20　an application without rebooting.

21　　　301.　The infringement by Pioneer of the '307 patent has injured and continues to injure

22　TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

23　　　302.　TVI has complied with the statutory requirement of giving notice of the '307

24　patent to Pioneer at least by filing the Dismissed Action.

25　**COUNT XXX — PATENT INFRINGEMENT OF THE '156 PATENT BY PIONEER**

26　　　303.　Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

27　paragraphs of this complaint and incorporates them herein.

28　/ / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    304.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

2   active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

3   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

4   States, devices and/or systems and methods that embody or practice the inventions claimed in the

5   '156 patent. The Pioneer products that embody the inventions claimed in the '156 patent include,

6   but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray

7   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

8   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

9   an application without rebooting.

10    305.    The infringement by Pioneer of the '156 patent has injured and continues to injure

11   TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

12    306.    TVI has complied with the statutory requirement of giving notice of the '156

13   patent to Pioneer at least by filing the Dismissed Action.

14    **COUNT XXXI — PATENT INFRINGEMENT OF THE '863 PATENT BY PIONEER**

15    307.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

16   paragraphs of this complaint and incorporates them herein.

17    308.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

18   active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

19   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

20   States, devices and/or systems and methods that embody or practice the inventions claimed in the

21   '863 patent. The Pioneer products that embody the inventions claimed in the '863 patent include,

22   but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray

23   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

24   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

25   an application without rebooting.

26    309.    The infringement by Pioneer of the '863 patent has injured and continues to injure

27   TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

28   / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    310.    TVI has complied with the statutory requirement of giving notice of the '863

2    patent to Pioneer at least by filing the Dismissed Action.

3    **COUNT XXXII — PATENT INFRINGEMENT OF THE '532 PATENT BY PIONEER**

4    311.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

5    paragraphs of this complaint and incorporates them herein.

6    312.    Pioneer has infringed and continues to infringe—directly, contributorily, and/or by

7    active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

8    selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

9    States, devices and/or systems and methods that embody or practice the inventions claimed in the

10   '532 patent. The Pioneer products that embody the inventions claimed in the '532 patent include,

11   but are not limited to, the Pioneer BDP-51FD and the Pioneer DV-410V-K and all other Blu-ray

12   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

13   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

14   an application without rebooting.

15   313.    The infringement by Pioneer of the '532 patent has injured and continues to injure

16   TVI, and will cause irreparable harm unless Pioneer is enjoined from infringing the patent.

17   314.    TVI has complied with the statutory requirement of giving notice of the '532

18   patent to Pioneer at least by filing the Dismissed Action.

19   **COUNT XXXIII — PATENT INFRINGEMENT OF THE '307 PATENT BY SHARP**

20   315.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

21   paragraphs of this complaint and incorporates them herein.

22   316.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by

23   active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

24   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

25   States, devices and/or systems and methods that embody or practice the inventions claimed in the

26   '307 patent. The Sharp products that embody the inventions claimed in the '307 patent include,

27   but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray

28   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

317.    The infringement by Sharp of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent. TVI has complied with the statutory requirement of giving notice of the '307 patent to Sharp at least by filing the Dismissed Action.

**COUNT XXXIV — PATENT INFRINGEMENT OF THE '156 PATENT BY SHARP**

318.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

319.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Sharp products that embody the inventions claimed in the '156 patent include, but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

320.    The infringement by Sharp of the '156 patent has injured and continues to injure TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

321.    TVI has complied with the statutory requirement of giving notice of the '156 patent to Sharp at least by filing the Dismissed Action.

**COUNT XXXV — PATENT INFRINGEMENT OF THE '863 PATENT BY SHARP**

322.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

323.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '863 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   States, devices and/or systems and methods that embody or practice the inventions claimed in the

2   '863 patent. The Sharp products that embody the inventions claimed in the '863 patent include,

3   but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray

4   players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

5   storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

6   an application without rebooting.

7       324.    The infringement by Sharp of the '863 patent has injured and continues to injure

8   TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

9       325.    TVI has complied with the statutory requirement of giving notice of the '863

10  patent to Sharp at least by filing the Dismissed Action.

11      **COUNT XXXVI — PATENT INFRINGEMENT OF THE '532 PATENT BY SHARP**

12      326.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

13  paragraphs of this complaint and incorporates them herein.

14      327.    Sharp has infringed and continues to infringe—directly, contributorily, and/or by

15  active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

16  selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

17  States, devices and/or systems and methods that embody or practice the inventions claimed in the

18  '532 patent. The Sharp products that embody the inventions claimed in the '532 patent include,

19  but are not limited to, the Sharp BD-HP50U and the Sharp BD-HP22U and all other Blu-ray

20  players and DVD players capable of, after initial boot-up, automatically detecting insertion of a

21  storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing

22  an application without rebooting.

23      328.    The infringement by Sharp of the '532 patent has injured and continues to injure

24  TVI, and will cause irreparable harm unless Sharp is enjoined from infringing the patent.

25      329.    TVI has complied with the statutory requirement of giving notice of the '532

26  patent to Sharp at least by filing the Dismissed Action.

27  / / /

28  / / /

**COUNT XXXVII — PATENT INFRINGEMENT OF THE '307 PATENT BY FUNAI**

330.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

331.    Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '307 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '307 patent.  The Funai products that embody the inventions claimed in the '307 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

332.    The infringement by Funai of the '307 patent has injured and continues to injure TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

333.    TVI has complied with the statutory requirement of giving notice of the '307 patent to Funai at least by filing the Dismissed Action.

**COUNT XXXVIII — PATENT INFRINGEMENT OF THE '156 PATENT BY FUNAI**

334.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous paragraphs of this complaint and incorporates them herein.

335.    Funai has infringed and continues to infringe—directly, contributorily, and/or by active inducement—one or more claims of the '156 patent, by making, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United States, devices and/or systems and methods that embody or practice the inventions claimed in the '156 patent.  The Funai products that embody the inventions claimed in the '156 patent include, but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or executing an application without rebooting.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    336.    The infringement by Funai of the '156 patent has injured and continues to injure

2    TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

3    337.    TVI has complied with the statutory requirement of giving notice of the '156

4    patent to Funai at least by filing the Dismissed Action.

5    **COUNT XXXIX — PATENT INFRINGEMENT OF THE '863 PATENT BY FUNAI**

6    338.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

7    paragraphs of this complaint and incorporates them herein.

8    339.    Funai has infringed and continues to infringe—directly, contributorily, and/or by

9    active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

10   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

11   States, devices and/or systems and methods that embody or practice the inventions claimed in the

12   '863 patent.  The Funai products that embody the inventions claimed in the '863 patent include,

13   but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson

14   LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up,

15   automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

16   automatically starting a process or executing an application without rebooting.

17   340.    The infringement by Funai of the '863 patent has injured and continues to injure

18   TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

19   341.    TVI has complied with the statutory requirement of giving notice of the '863

20   patent to Funai at least by filing the Dismissed Action.

21   **COUNT XL — PATENT INFRINGEMENT OF THE '532 PATENT BY FUNAI**

22   342.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

23   paragraphs of this complaint and incorporates them herein.

24   343.    Funai has infringed and continues to infringe—directly, contributorily, and/or by

25   active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

26   selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

27   States, devices and/or systems and methods that embody or practice the inventions claimed in the

28   '532 patent.  The Funai products that embody the inventions claimed in the '532 patent include,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  but are not limited to, the Sylvania NB500SL9, the Sylvania DP170SL8, and the Emerson

2  LD195EM8 and all other Blu-ray players and DVD players capable of, after initial boot-up,

3  automatically detecting insertion of a storage medium, such as a Blu-ray or DVD disc, and

4  automatically starting a process or executing an application without rebooting.

5        344.    The infringement by Funai of the '532 patent has injured and continues to injure

6  TVI, and will cause irreparable harm unless Funai is enjoined from infringing the patent.

7        345.    TVI has complied with the statutory requirement of giving notice of the '532

8  patent to Funai at least by filing the Dismissed Action.

9  **COUNT XLI — PATENT INFRINGEMENT OF THE '307 PATENT BY DENON**

10        346.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

11  paragraphs of this complaint and incorporates them herein.

12        347.    Denon has infringed and continues to infringe—directly, contributorily, and/or by

13  active inducement—one or more claims of the '307 patent, by making, importing, offering to sell,

14  selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

15  States, devices and/or systems and methods that embody or practice the inventions claimed in the

16  '307 patent. The Denon products that embody the inventions claimed in the '307 patent include,

17  but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-

18  ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

19  a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

20  executing an application without rebooting.

21        348.    The infringement by Denon of the '307 patent has injured and continues to injure

22  TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

23        349.    TVI has complied with the statutory requirement of giving notice of the '307

24  patent to Denon at least by filing the Dismissed Action.

25  **COUNT XLII — PATENT INFRINGEMENT OF THE '156 PATENT BY DENON**

26        350.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

27  paragraphs of this complaint and incorporates them herein.

28  / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    351.    Denon has infringed and continues to infringe—directly, contributorily, and/or by

2    active inducement—one or more claims of the '156 patent, by making, importing, offering to sell,

3    selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

4    States, devices and/or systems and methods that embody or practice the inventions claimed in the

5    '156 patent.  The Denon products that embody the inventions claimed in the '156 patent include,

6    but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-

7    ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

8    a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

9    executing an application without rebooting.

10    352.    The infringement by Denon of the '156 patent has injured and continues to injure

11    TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

12    353.    TVI has complied with the statutory requirement of giving notice of the '156

13    patent to Denon at least by filing the Dismissed Action.

14    **COUNT XLIII — PATENT INFRINGEMENT OF THE '863 PATENT BY DENON**

15    354.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

16    paragraphs of this complaint and incorporates them herein.

17    355.    Denon has infringed and continues to infringe—directly, contributorily, and/or by

18    active inducement—one or more claims of the '863 patent, by making, importing, offering to sell,

19    selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

20    States, devices and/or systems and methods that embody or practice the inventions claimed in the

21    '863 patent.  The Denon products that embody the inventions claimed in the '863 patent include,

22    but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-

23    ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

24    a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

25    executing an application without rebooting.

26    356.    The infringement by Denon of the '863 patent has injured and continues to injure

27    TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

28    / / /

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1    357.    TVI has complied with the statutory requirement of giving notice of the '863

2    patent to Denon at least by filing the Dismissed Action.

3    **COUNT XLIV — PATENT INFRINGEMENT OF THE '532 PATENT BY DENON**

4    358.    Plaintiff TVI restates and re-alleges each of the allegations in each of the previous

5    paragraphs of this complaint and incorporates them herein.

6    359.    Denon has infringed and continues to infringe—directly, contributorily, and/or by

7    active inducement—one or more claims of the '532 patent, by making, importing, offering to sell,

8    selling, supplying, causing to be supplied, using, and/or causing to be used, in or into the United

9    States, devices and/or systems and methods that embody or practice the inventions claimed in the

10    '532 patent.  The Denon products that embody the inventions claimed in the '532 patent include,

11    but are not limited to, the Denon DVD-2500BTCI and the Denon DVD-1940CI and all other Blu-

12    ray players and DVD players capable of, after initial boot-up, automatically detecting insertion of

13    a storage medium, such as a Blu-ray or DVD disc, and automatically starting a process or

14    executing an application without rebooting.

15    360.    The infringement by Denon of the '532 patent has injured and continues to injure

16    TVI, and will cause irreparable harm unless Denon is enjoined from infringing the patent.

17    361.    TVI has complied with the statutory requirement of giving notice of the '532

18    patent to Denon at least by filing the Dismissed Action.

19    **PRAYER FOR RELIEF**

20    **WHEREFORE** Plaintiff TVI prays for the following judgment and relief:

21    a.    that each of the Defendants has infringed the '307, '156, '863, and/or '532 patents;

22    b.    that Defendants Sony and Toshiba have willfully infringed the '307, '156, '863,

23    and/or '532 patents;

24    c.    that Plaintiff is entitled to temporary and permanent injunctions enjoining each of

25    the Defendants, and their agents, servants, officers, directors, employees, and persons or entities

26    acting in concert with each of the Defendants, from infringing directly or indirectly, inducing

27    others to infringe, and/or contributing to the infringement of the '307, '156, '863, and/or '532

28    patents, or, in the alternative, that each of the Defendants take a compulsory license to the '307,

1  '156, '863, and/or '532 patents;

2      d.      that each of the Defendants shall account for and pay to Plaintiff the damages to

3  which it is entitled as a consequence of Defendants' infringement of the '307, '156, '863, and/or

4  '532 patents;

5      e.      that each of the Defendants shall account for and pay to Plaintiff the damages to

6  which it is entitled for Defendants' continued infringement following the period of infringement

7  established by Plaintiffs at trial;

8      f.      that Defendants Sony and Toshiba shall account for and pay to Plaintiff treble

9  damages for their willful infringement of the patents-in-suit;

10     g.      that this case is exceptional under 35 U.S.C. § 285 and that TVI is entitled to its

11 reasonable attorney fees as the prevailing party in the case;

12     h.      that Plaintiff is entitled to interests and costs;

13     i.      any other relief that the Court finds just and equitable.

14                        **DEMAND FOR JURY TRIAL**

15     Pursuant to Fed. R. Civ. P. 38(a), Plaintiff TVI demands a jury trial on all issues so

16 triable.

17 DATED: February 2, 2010                **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

18

19                      By: _David Martinez_____
                        Ronald J. Schutz (*Pro Hac Vice* pending)
20                      Richard M. Martinez (*Pro Hac Vice* pending)
                        Sang Young A. Brodie (*Pro Hac Vice* pending)
21                      **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                        800 LaSalle Avenue, 2800 LaSalle Plaza
22                      Minneapolis, MN  55402
                        Telephone:  (612) 349-8500
23                      Facsimile:  (612) 339-4181

24                      David  Martinez, (CA Bar No. 193183)
                        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
25                      2049 Century Park East, Suite 3400
                        Los Angeles, CA  90067-3208
26                      Telephone:  (310) 552-0130
                        Facsimile:   (310) 229-5800

27                      **ATTORNEYS FOR PLAINTIFF**
                        **TV INTERACTIVE DATA CORPORATION**
28