# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION,<br><br>Plaintiff,<br>v.<br>SONY CORPORATION, *et al.*,<br>Defendants.<br>_____/ | No. C 10-475 PJH (MEJ)<br><br>**DISCOVERY ORDER RE:<br>DOCKET NOS. 409 AND 410** |

This is a patent case between TV Interactive Data Corporation ("TVI") and various DVD-player manufacturers, including Funai Electric Company, Ltd., Funai Corporation, Inc., and P&F USA, Inc. ("Funai"). TVI has asserted that four of its patents have been infringed by Funai. The deadline to complete fact discovery in this matter was March 20, 2012. On March 27, TVI and Funai filed two joint letters with the Court addressing separate discovery disputes. Dkt. Nos. 409 and 410. The Court discusses these disputes in turn.

**1. First Joint Discovery Dispute Letter (Dkt. No. 409)**

In the first letter, the parties address TVI's discovery requests regarding Funai's affirmative defenses. Dkt. No. 409. More than a year ago, TVI propounded a Rule 30(b)(6) deposition notice that asked Funai to produce a corporate witness to testify about the factual bases for its affirmative defenses and counterclaims. *Id.*, Ex. A. (Topic No. 52 of the 30(b)(6) notice seeks the "facts and contentions that support each affirmative defense and/or counterclaim that Defendant asserts in the case"). Funai objected to TVI's request because it did not meet the reasonable particularity standard set forth in Rule 30(b)(6). *Id.* On February 16 and 17, 2012, TVI served interrogatories and requests for admissions ("RFAs") on Funai with respect to some of its affirmative defenses. *Id.* Funai objected to these interrogatories and RFAs, claiming that they were not timely served. *Id.* Accordingly, the parties have identified two issues in the first letter: (1) whether TVI is entitled to a

30(b)(6) deposition about Funai's factual bases for its affirmative defenses; and (2) whether Funai must respond to TVI's interrogatories and RFAs. *Id.*

A. <u>Rule 30(b)(6) Deposition Notice</u>

Rule 30(b)(6) permits "a party [to] name as the deponent a public or private corporation," but requires the notice to describe "with reasonably particularity the matters for examination." TVI argues that the 30(b)(6) deposition it seeks is necessary to understand Funai's affirmative defenses and properly prepare for any dispositive motions. Dkt. No. 409. Funai contends that TVI's 30(b)(6) notice is extremely broad and vague and does not meet the requirement for reasonable particularity. *Id.* The Court agrees that Topic Number 52 is too vague since it seeks the production of a corporate witness regarding *all* facts and contentions for *each* of Funai's affirmative defenses and counterclaims. Such a broad request is not proper. But, as TVI points out in the letter, the parties have met and conferred and Topic Number 52 is now more limited. *Id.* It appears that TVI only seeks to depose Funai's corporate witness about the factual predicate of its affirmative defenses such as laches and estoppel. *Id.* This more particular request will likely allow Funai to specifically designate a corporate witness. The Court, however, remains concerned about another issue: whether TVI, under the circumstances presented here, should be permitted to use a 30(b)(6) deposition to explore the facts underlying the legal claims and theories asserted by Funai.

Courts have split on this issue. *Compare McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, *overruled on other grounds* 765 F. Supp. 611 (N.D. Cal. 1991); *and Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 263 (M.D.N.C. 2010) ("allowing Plaintiffs to conduct Rule 30(b)(6) depositions . . . to explore [the defendants'] laches and estoppel defense would contravene the limitations in Rule 26(b)(2)(c) in that (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; [and] (iii) the burden or expense of the proposed discovery outweighs its likely benefit") (internal citations omitted); *with EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) (denying the defendant's request for a protective order to limit the scope of Rule 30(b)(6) deposition questioning to preclude inquiry into the factual bases for

defendant's asserted position statements and affirmative defenses); *and AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F. Supp. 808, 831 (M.D. Pa. 1994) (compelling a corporate defendant to produce a 30(b)(6) witness to answer questions regarding the contentions and affirmative defenses detailed in the defendants' answer and counterclaim).  One of the factors that courts consider when analyzing this question is whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition.  *See, e.g., Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601-02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C 1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case).  The Court finds this factor instructive to this dispute, particularly as applied in the *McCormick-Morgan* case.

In *McCormick-Morgan*, a patent owner sought to use 30(b)(6) depositions as a discovery vehicle for learning all of the alleged patent infringer's contentions, including its affirmative defenses.  134 F.R.D. at 286.  Considering the complex nature of the patent claim, the *McCormick-Morgan* court looked at "which of the available [discovery] devices is most appropriate, i.e., which device would yield . . . information that is sufficiently complete to meet the needs of the parties and the court in a [patent] case . . . ."  *Id.  McCormick-Morgan* disallowed the 30(b)(6) deposition for two reasons.  First, the court was concerned that "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of the bases for the contentions and positions taken . . . ."  *Id.*  Second, the court was concerned with a non-lawyer being deposed in a patent case, since the nature of the deposition consisted of "quasi-legal argument."  *Id.* at 287.  Ultimately, the court concluded that "appropriately framed and timed contention interrogatories," rather than depositions of a corporation's designated employees, was the appropriate method for establishing the alleged infringer's contentions and defense positions.  *Id.*

This reasoning also applies to the present dispute.  As the *McCormick-Morgan* court pointed out, determining the bases for contentions in a patent case, even if the contentions are mainly related to the factual predicate for affirmative defenses, may involve complex judgments about evidence, claims, and principles of intellectual property law.  *Id.* at 287.  Considering the technical nature of

the patent claims at issue here, and the vagueness with which Topic 52 was originally drafted, TVI has not persuaded the Court that a 30(b)(6) deposition is warranted on this topic. TVI is able to learn the same information it seeks through this deposition from appropriately framed contention interrogatories, which TVI has already propounded. Accordingly, the Court DENIES TVI's request to compel Funai to produce a 30(b)(6) witness on Topic 52.

B. Interrogatories and RFAs

With respect to the second issue, the parties dispute whether TVI's interrogatories and RFAs were timely served. Dkt. No. 409. The overall purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare for trial. *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984); *see also Miller v. Rufion*, 2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010). This District's Local Rules specifically provide that a discovery cutoff "is the date by which all responses to written discovery are due and by which all depositions must be concluded." Civ. L.R. 37-3. Parties have 30 days to respond to interrogatories and RFAs. *See* Fed. R. Civ. P. 33(b)(3); 36(a)(3). "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Accordingly, this Rule "adds an additional three (3) days to this prescribed response period when a party makes service by mail, fax, email, etc." *Myers v. Reason*, 2007 WL 81891, at *1 n.1 (N.D. W.Va. Jan. 8, 2007).[1]

Here, TVI explains that it e-mailed the interrogatories and RFAs on February 16 and 17, 2012, respectively, which meets the 30 day discovery cutoff requirement because Funai was mandated to respond by March 19, a day before the March 20 cutoff. Dkt. No. 409; *see also* Fed. R. Civ. P. 33(b)(2); 36(a)(3). Funai, on the other hand, argues that the interrogatories and RFAs were untimely because Rule 6(d) provides an additional three days for Funai to respond to TVI's discovery requests since they were e-mailed rather than personally served. *Id.* Funai therefore

---

[1] The *Myers* Court analyzed Rule 6(e), which is now 6(d) after the general restyling of the Rules in 2007.

4

1 claims it had 33 days — not 30 — to answer the interrogatories and RFAs. *Id.* And because the
2 March 20 discovery cutoff only provided Funai with 31 and 32 days to respond to the propounded
3 discovery, the requests were untimely. *Id.*

4 Based on the above authorities, the Court finds that Funai is correct that TVI's discovery
5 requests are untimely. Because TVI served the requests by e-mail, Funai's response deadline fell
6 after the discovery cutoff.[2] Nonetheless, there is authority for the proposition that there may be
7 exceptions to the deadline under certain circumstances, particularly where the failure to comply with
8 the deadline is not excessive. *Bishop v. Potter*, 2010 WL 2775332, at *2 (D. Nev. July 14, 2010)
9 (overruling the defendants' timeliness objections because the discovery requests were only served 1
10 and 2 days after the deadline, which was not excessive).

11 Under the facts presented here, the Court exercises its discretion and ORDERS Funai to
12 respond to the interrogatories and RFAs by May 11, 2012. TVI's failure to meet the deadline here is
13 not excessive. Funai had sufficient time to respond to TVI's interrogatories and RFAs since it
14 received the requests more than 30 days before the discovery cutoff. Notably, Funai did not object
15 to the timeliness of TVI's discovery requests when they were initially served. Rather, Funai only
16 objected to the untimely service when it provided its responses to TVI after the discovery cutoff.
17 Moreover, one of the reasons the Court denied TVI's request for a Rule 30(b)(6) deposition with
18 respect to Funai's affirmative defenses was because TVI had also served contention interrogatories
19 on these defenses. If the Court were to not compel Funai to respond to these interrogatories, TVI's
20 argument in favor of the 30(b)(6) deposition would need to be reconsidered.

21 **B. Second Joint Discovery Dispute Letter (Dkt. No. 410)**

22 The other dispute between TVI and Funai is addressed in a second letter filed by the parties.
23 Dkt. No. 410. It concerns TVI's responses to 22 RFAs propounded by Funai with respect to the
24 authenticity of certain business records from TVI. The parties indicate that they are "at an impasse

---

[2] Specifically, and as explained earlier, TVI e-mailed its discovery requests to Funai on February 16 and 17. Because the requests were e-mailed, Rule 6(d) provided Funai with 33 days to respond, resulting in the responses being due on March 22. Since this deadline was past the discovery cutoff of March 20, the requests were untimely.

5

with respect to these responses," but then provide — in the very next sentence — that at their last meet and confer session, TVI agreed to reconsider some of its responses. *Id.* Funai concedes that it filed the letter "out of an abundance of caution" because March 27, 2012 was the deadline to move to compel discovery. *Id.* TVI stresses that the parties are likely to resolve this dispute if they have more time. *Id.* ("In sum, the parties are working toward a resolution on all these issues without the need for judicial intervention").

Because it appears that the parties should be able to resolve these authenticity issues on their own — whether by further responses from TVI or by a stipulation — the Court DENIES WITHOUT PREJUDICE Funai's request to compel further responses. If the parties are unable to resolve this particular dispute, Funai is permitted to file an untimely joint discovery dispute letter on only this issue. Any letter must be filed by October 1, 2012.

**IT IS SO ORDERED.**

Dated: April 23, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge