UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION,<br><br>Plaintiff,<br>v.<br>SONY CORPORATION, *et al.*,<br>Defendants.<br>_____/ | No. C 10-475 PJH (MEJ)<br><br>**ORDER RE: JOINT DISCOVERY DISPUTE LETTER (DKT. NO. 419)** |

This is a patent case between TV Interactive Data Corporation (TVI) and various DVD-player manufacturers, including Sony Corporation (Sony). TVI has asserted that four of its patents have been infringed. In this discovery dispute, TVI requests that the Court compel production of the following three categories of discovery that Sony has refused to produce:

(1) Sales summaries and a corporate witness identifying any intra-company profit recorded on the sales of accused products between the Japanese-based Sony defendants and the U.S.-based Sony defendants;
(2) Sales summaries including revenue and profit on a monthly basis, of Sony's Playstation 3 ("PS3") game disc sales, license royalties and/or payments, as well as Sony's PS3 hardware sales within the United States;
(3) Sales summaries, including revenue and profit on a monthly basis, of any Sony entity's Blu-ray and DVD sales within the United States.

Dkt. No. 419.

Sony's principle objection to TVI's requests is that they are procedurally improper due to their untimeliness. TVI first served the discovery at issue over 21 months ago in June 2010. Dkt. No. 418. Sony objected to producing the categories above and explained their objections to TVI's counsel. *Id.* TVI did not take any action at that time. *Id.* In March 2011, after TVI raised this issue again, Sony repeated its objections from before. *Id.* Once more, TVI did not take any action. *Id.* In August 2011, the parties met and conferred about this issue, but did not come to a resolution. *Id.*

Even though TVI raised this issue to Sony again in January 2012, TVI did not do anything about it until March 27, 2012. *Id.* On that date — which was the deadline for the parties to file any motions to compel — TVI sent its proposed portion of a joint discovery dispute letter to Sony's counsel in New Jersey at 5:10 p.m. EST, along with a proposed stipulation for Sony to receive an extra three days to respond to the letter (i.e., the March 27 motion to compel deadline would be extended until March 30). Dkt. No. 411. Because TVI sent these documents after the close of business, Sony indicated that it would not be able to respond to the proposed stipulation on such short notice. Dkt. Nos. 411 and 418. TVI then filed the incomplete letter with the Court as well as a "Stipulation and Proposed Order" requesting, on Sony's behalf, until March 30 for Sony to set forth its arguments in the discovery dispute letter. Dkt. No. 411. The Court granted this request so that it could review Sony's position with respect to the issues raised by TVI. Dkt. No. 414.

      The Court agrees with Sony that TVI's conduct, outlined above, was inappropriate. This dispute is not based on an issue that TVI recently discovered. Rather, TVI has known about Sony's objections for over 21 months. Nonetheless, TVI failed to follow the undersigned's standing order for discovery and dispute procedures, and did not properly file a joint discovery dispute letter before the motion to compel deadline. The biggest problem with TVI's last-minute decision to have the Court address this dispute is that the joint letter fails to adequately address all of the issues. The goal of the Court's discovery dispute process is for the parties to meet and confer in person about their positions, and, if the issues do not get resolved, then file a joint letter specifically explaining each of their arguments — including why the opposing party's arguments are misplaced — so that the Court may rule on the outstanding issues in an efficient manner. TVI's decision to meet and confer last August and then wait until March 27 to send a one-sided version of the letter to Sony has resulted in a joint letter in which Sony has refuted each of TVI's positions and TVI has not explicitly addressed Sony's arguments. While the Court could overlook the untimeliness of the joint letter because it was not excessive, the lack of response to Sony's arguments, as explained in further detail below, is detrimental to TVI's requests and the reason why the Court cannot grant them.

      TVI first requests the production of sales summaries and a corporate witness with respect to

the profits Sony's Japanese-based entities made in their intra-company sales with Sony's U.S. entities. TVI argues that these profits should be included in the reasonable royalty analysis because they go to "the established profitability of the product made under the patent; its commercial success; and its current popularity." Dkt. No. 419 (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp.1116, 1120 (S.D.N.Y 1970)). But the only products at issue in this lawsuit are the accused products sold domestically by U.S. Sony entities; Sony's Japanese-based entities are not even defendants in this action. TVI has not provided any authority supporting its position that sales made by non-U.S. entities are relevant to computing damages in this matter. Sony, on the other hand, has pointed to case law where courts have denied the use of foreign sales in the calculation of a reasonable royalty. *See, e.g., Enpat Inc., v. Microsoft Corp.*, 6 F.Supp.2d 537, 539-40 (E.D.Va. 1998); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1546 (Fed. Cir. 1987). Accordingly, TVI's request to compel discovery concerning Sony's Japanese-based entities is DENIED.

TVI also seeks sales summaries from Sony regarding its PS3 products, such as game discs, licensing royalties, and hardware. TVI contends that this sales information, including the monthly revenue and profit statements, is relevant because it will help in the calculation of damages, specifically in the determination of a reasonable royalty rate. Factors that are used to calculate this rate include "the effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of [its] non-patented items; and the extent of such derivative or convoyed sales." *Georgia-Pacific*, 318 F.Supp. at 1120. Sony, however, argues that sales of PS3 products would only be relevant to this case if TVI's alleged invention actually generated the sales. According to Sony, TVI has never asserted that Sony's use of the auto-play feature (TVI's alleged invention) in the PS3 device — one of hundreds of features in the PS3 — generated sales of the non-patented PS3 products. TVI did not address this specific argument in the joint letter.[1] TVI's second request is consequently also

---

[1] In the joint letter, TVI assumes that Sony is arguing that TVI cannot rely on derivative sales unless it proves that the alleged invention forms the basis of customer demand for the non-patented sales. Dkt. No. 419. TVI addresses this argument by explaining that while "it is true that a patentee must prove that the invention forms the basis of customer demand in order to include

DENIED.

Finally, TVI is requesting Sony's monthly Blu-ray and DVD disc sales within the U.S. under the same theory as the preceding request. Even if the auto-play feature did generate sales of non-patented items such as Blu-ray and DVD discs, the Court could not compel the production of this information because Sony has stated that it does not exist. Dkt. No. 419 ("As to DVD discs and Blu-ray discs, TVI is well aware that none of the defendants even sell any such discs for use in the accused DVD players and Blu-ray players."). Again, TVI does not refute this argument and its request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: May 1, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

collateral sales of non-patented items within the royalty *base* as part of the entire market value rule, it is not true that such a showing be made in order to use evidence of the profitability of collateral sales in determining the royalty *rate*." *Id.* But, as Sony later points out, this is not what it is contending. Rather, Sony argues that TVI's position and the authorities that it is relying on are distinguishable because here there is no allegation that the auto-play feature generates sales of PS3 products.

**UNITED STATES DISTRICT COURT**
For the Northern District of California