Ronald J. Schutz (*Pro Hac Vice*), RJSchutz@rkmc.com
Richard M. Martinez (*Pro Hac Vice*), RMMartinez@rkmc.com
Trevor J. Foster (*Pro Hac Vice*), TJFoster@rkmc.com
Patrick M. Arenz (*Pro Hac Vice*), PMArenz@rkmc.com
Victor C. Chan (*Pro Hac Vice*), VCChan@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

David Martinez, (CA Bar No. 193183), DMartinez@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Plaintiff,
TV Interactive Data Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TV Interactive Data Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Sony Corporation, et al.,<br><br>        Defendants. | Case No. C 10-00475 PJH<br><br>**TVI's Opposition to Sony's Motion for Leave to Amend Answer and Counterclaims to Plaintiff's First Amended Complaint**<br><br>[Declaration of Patrick M. Arenz and Proposed Order filed concurrently herewith] |

**Introduction**

Sony's motion to amend comes seven months after the Court's deadline to do so, and over four months after fact discovery closed in this case. Worse yet, by its own admission, Sony has had in its possession the very basis for its new inequitable conduct theory for over two years. Sony even deposed TVI's CEO and co-inventor about the CD-I prior art over one year ago. And yet, only now—on the eve of summary judgment briefing—does Sony seek leave to amend its pleading to add this new inequitable conduct theory.

This Court should deny Sony's motion. Sony bases its motion on the wrong standard. Rule 15 does not control when courts have entered a case management schedule setting for a deadline to amend pleadings. Instead, Rule 16 governs and requires Sony to establish good cause. Sony cannot meet this burden because it failed to explain—let alone justify—its unreasonable delay in seeking leave at this late date. Such unexcused delay is grounds alone to deny Sony's motion. And even if the Court looks at additional factors, Sony's bare-bones pleading is insufficient to plead its new theory with particularity, rendering its proposed amendment futile. TVI respectfully requests the Court deny Sony's motion.

**Factual Background**

**I.  This patent case involves TVI's patented auto-play technology.**

This patent case involves four TVI patents that all share a common specification. The patented technology generally relates to automatic playback of a disc after insertion in a player or computer without need to reboot the device. TVI previously sued Microsoft on these patents. Microsoft took a license on the eve of trial. The PTO then reexamined the asserted patents, and confirmed the validity of all four patents. TVI filed this case on February 2, 2010. TVI named the DVD and Blu-ray player industry as defendants. This included eleven defendant groups.

TVI became accustomed to seeing various different strategies among the defendant groups. Four defendant groups, for instance, alleged inequitable conduct allegations, while seven defendant groups did not. Sony was one of the defendant groups that made such an allegation. As it stands now, nonetheless, Sony is the only defendant group that has not

licensed the asserted patents.

## II. Sony has been aware of documents and testimony underlying its new inequitable conduct theory for well over a year.

The purported factual basis for Sony's new inequitable conduct theory is not new. TVI produced over 260,000 pages of documents—the majority of its entire document production in this case—over two years ago. Arenz Decl. ¶2. TVI included documents dating back to the early 1990s in those productions from June through August 2010. *See id.* TVI, for instance, produced its October 19, 1991 business plans, which Sony claims support its new inequitable conduct theory about a piece of prior art called CD-I. *See id. Cf.* Dkt. No. 462-2 ¶230-31 (Ex. A to Sony's Mot. to Amend).[1] In June 2010, TVI also produced file histories for the asserted patents, which showed that the PTO considered the CD-I prior art and issued reexamination certificates nonetheless. *See* Arenz Decl. ¶2.

Sony then deposed Peter Redford well over a year ago on April 27-28, 2011. *Id.* ¶3 Mr. Redford is the CEO of TVI, and a co-inventor on the asserted patents. He is also the person Sony accuses of inequitable conduct. And at his deposition, Mr. Redford answered questions from Sony's counsel about CD-I. *See, e.g.*, Ex. A at 260:8-264:15.

On October 7, 2011, any remaining defendant was required to answer TVI's amended complaint. Sony did so, but remained silent about CD-I as it had throughout all of its pleadings in this case. *See generally* Dkt. No. 347. JVC, on the other hand, pled allegations about CD-I as a basis for its inequitable conduct defense. *See generally* Dkt. No. 343. JVC and Sony were in a joint defense group. Even after seeing JVC's new pleading, Sony remained silent as to CD-I.

## III. This Court set a deadline to amend pleadings.

In late 2011, this Court received this case and undertook to set a case schedule. The parties jointly negotiated a proposed schedule. Dkt. No. 365. Sony again remained silent

---

[1] TVI produced TVI's October 19, 1991 business plan multiple times—at least a full version once in June 2010 and a partial duplicate of that document in August 2010. Arenz Decl. ¶2.

about any need to amend its pleadings to add allegations about CD-I. The Court then entered a scheduling order on January 18, 2012, which included a deadline to amend pleadings 90 days before the close of fact discovery. Dkt. No. 372 at 1. Because fact discovery closed in late March, the deadline was consummated upon entry.

In early February, Sony deposed Mr. Redford again. Arenz Decl. ¶4. This time Mr. Redford sat for deposition as TVI's Rule 30(b)(6) witness over the course of three days. *Id.* He again answered questions from Sony about CD-I. *Id.*; Ex. B at 339:9-18; 480:5-481:8; 488:25-489:14. And Sony again sat tight, refraining from moving to amend its counterclaim to add allegations about CD-I.

Instead of seeking leave, Sony unilaterally served an interrogatory response purporting to add its new inequitable conduct theory about CD-I on the day before fact discovery closed, and served an expert opinion on May 9, 2012, purporting to conclude that CD-I was material prior art. Arenz Decl. ¶¶5-6. Left with no other response at the time (as summary judgment briefing was set for August), TVI submitted a rebuttal opinion on materiality on June 22, 2012. *Id.* ¶6. TVI offered this opinion only to the extent Sony was able to add it to the case after the deadline—a proposition TVI opposes. *Id.* Even then, Sony waited *five* more weeks before seeking leave to add its new inequitable conduct theory.

**Argument**

**I. Sony applied the wrong law because the Court's deadline to amend without a motion has passed.**

Sony's motion is premised on the wrong law. Rule 15 does not govern Sony's motion. Instead, when the Court has set a deadline to amend pleadings, then any motion to amend after the deadline is controlled by Rule 16 and a "good cause" standard. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The purpose of Rule 16(b) is, in part, "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Moore v. Publicis Group SA*, No. 11-CIV-1279, 2012 U.S. Dist. LEXIS 92675, at *7 (S.D.N.Y. June 29, 2012). Based on this policy, the

good cause standard in Rule 16 primarily considers the moving party's diligence. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, *the inquiry should end.*" *Aircraft Tech. Publrs. v. Avantext*, No. 07-4154, 2009 U.S. Dist. LEXIS 57671, at *4-5 (N.D. Cal. June 2009) (emphasis added). And carelessness "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Here, Sony ignores the Court's deadline, and ignores this Court's case law interpreting Rule 16. Whether by oversight or intent, this silence is fatal to Sony's motion, as set forth in more detail below.

**II. Sony cannot establish good cause because it inexcusably and exceptionally delayed in moving to amend and notifying TVI of its new inequitable conduct theory.**

Sony has no excuse for waiting years before moving to amend its counterclaim to add a new inequitable conduct theory based on CD-I. It is undisputed that:

- *Over two years ago*: Sony has had "TVI's business plan" that allegedly serves as its basis for its new inequitable conduct allegations (June 2010);

- *Over one year ago*: Sony deposed TVI's CEO and co-inventor about CD-I (April 27-28, 2011); and,

- *Over 9 months ago*: Sony was aware of JVC's amendment on CD-I (October, 2011).[2]

These undisputed facts provide no basis for finding Sony acted with diligence. To the contrary, Sony all-but admits in its brief that it was not diligent. When addressing undue delay, for instance, Sony provides no explanation for its extreme delay here. Sony Br. at 7. Instead, it attempts to argue—incorrectly—about the supposed lack of prejudice. *See id.* This Court should deny Sony's motion based on its inability to identify—let alone justify—the reasons for its extensive delay.

---

[2] JVC's decision to license the asserted patents instead of pursuing this defense is telling, to say the least.

### III. The remaining collateral factors do not favor amendment, even if the Court considers them.

Even assuming its excessive and unjustified delay is not fatal, Sony must still establish that its proposed amendment is permissible under the factors considered under Rule 15. *Osakan v. Apple Am. Group*, Case No: C 08-4722 SBA, 2010 U.S. Dist. LEXIS 53830, at *8 (N.D. Cal. May 5, 2010) (citing *Johnson*, 975 F.2d at 609). And while TVI submits that this Court's inquiry should end on Sony's lack of diligence and delay, the additional factors do not support Sony's motion if the Court considers them.

#### A. Sony's allegations about CD-I are futile.

The futility in Sony's allegations of its new inequitable conduct theory also weighs against leave to amend. To satisfactorily plead the materiality of a reference, Sony "must allege who engaged in inequitable conduct, to *what claims* the omitted references were relevant, *where* in the references the material information is found, why the information in these references 'is material and not cumulative,' 'and '*how*' an examiner would have used this information in assessing the patentability of the claims.'" *Advanced Micro Devices v. Samsung Elecs. Co.*, No. C 08-00986 SI, 2010 U.S. Dist. LEXIS 24243, at *40 (N.D. Cal. Mar. 16, 2010) (quoting *Exergen*, 575 F.3d at 1329-30) (emphasis added). Here, Sony's proposed amendment fails to plead the purported materiality of CD-I for a number of reasons.

First, Sony identifies no claims which CD-I allegedly is material to. The only level of detail in its proposed amendment is "Patents-in-Suit." Second, Sony does not identify what portion of CD-I is material. Third, and most importantly, Sony does not explain how the examiner would have used CD-I to invalidate any claim in the asserted patents. Sony's sole allegation that "CD-I indisputably implements autoplay and meets all other limitations of the asserted patent claims" facially lacks any such specificity or detail. *See* Dkt. No. 462-2 ¶233 (Ex. A to Sony's Mot. to Amend). This deficiency, furthermore, is particularly important in this case because the PTO *actually considered* CD-I during reexamination of all of the asserted patents, and concluded that the asserted patents are valid over CD-I (among many other pieces of art). *Cf. Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-

92 (Fed. Cir. 2011) ("When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."). Sony's inability or unwillingness to explain how CD-I discloses each claim element or renders any claim obvious is therefore fatal to its pleading. For each of these reasons, among others, Sony fails to sufficiently plead an inequitable conduct theory based on CD-I, which renders its proposed amendment futile.

### B. Sony's motion prejudices TVI because it further expands Sony's case as the parties prepare for dispositive motions and trial.

Sony's motion to amend its pleadings at this late date is indicative of Sony's shotgun approach to this litigation. Instead of narrowing the case as it proceeds to trial, Sony continues to seek to expand and multiply the proceedings. Just in the last two months, for instance, Sony has: (1) relied on not one or two invalidity experts—but *five*; (2) wanted not 10 or 15 extra pages for summary judgment, but rather 70 total pages; and, (3) sought to depose TVI's sole technical expert for three full days. Sony's effort to add a new inequitable conduct theory now is just another example of Sony's scorched-earth approach to its defense of this litigation.[3] It is simply time for this case to move toward resolution, not expansion. Expanding this case, in contrast, would prejudice TVI, particularly in the context of Sony's other actions in this litigation and as the parties prepare for dispositive motions. Indeed, TVI should be allowed to focus on completing expert discovery and preparing its summary judgment motion instead of responding to this motion.

And more generally, Sony's approach to its new inequitable conduct theory turns this Court's procedure on its head. In United States courts, the pleadings are meant to provide notice of each party's allegations. *See, e.g.,* Fed. R. Civ. P. 8; *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys. LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (requiring that Defendants' pleadings "give notice to the other party of the facts on which the defense is premised"). Each party, in other words, is entitled to fair notice of what is alleged before

---

[3] Notably, no other defense group has undertaken this strategy. Instead, all other defendant groups have taken a license to TVI's auto-play patents.

Case No. 10-cv-00475 PJH  
83284138.1

7

Opposition to Sony's Motion to Amend Answer and Counterclaims

1  discovery takes place. Here, Sony's attempts to backfill a new inequitable conduct theory
2  *after* fact discovery violates this basic process. Even though TVI is prepared to fully rebut
3  Sony's new theory, it is still wholly improper that TVI only received notice of it after sitting
4  for over five days of individual and Rule 30(b)(6) depositions.

### C. Sony has not established any good faith in its brief.

While TVI is hesitant to allege that Sony is acting in bad faith, the fact remains that Sony has offered no basis for a finding of good faith. Sony does not dispute that it was required to plead *all* of its inequitable conduct theories with particularity. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009) (requiring "the identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO"). Sony, in other words, knew that it is not permitted to shoehorn unidentified theories with other theories previously pled. *See The Regents of the Univ. of California v. Monsanto Co.*, No. C 04-0634 PJH, 2005 U.S. Dist. LEXIS 40379, at *60-61, 65 (N.D. Cal. Dec. 16, 2005) (granting summary judgment of no inequitable conduct where defendant failed to mention the reference at issue in its pleadings, despite pleading inequitable conduct for other references); *CSB-System Int'l Inc. v. SAP Am. Inc.*, No. 10-2156, U.S. Dist. LEXIS 65910, at *20 (E.D. Pa. May 9, 2012) ("Repeatedly, courts have declined to allow a defendant to assert a new theory of inequitable conduct if the answer and counterclaims asserted a different theory of inequitable conduct than that relied upon in summary judgment proceedings") (listing numerous cases, *e.g., Lab. Skin Care, Inc. v. Ltd. Brands, Inc.*, No. Civ. A. 06-601, 2009 WL 2524577, at *2 (D. Del. Aug. 17, 2009) (declining to consider new theory of inequitable conduct where defendant's answer "does not support the particular theory of inequitable conduct in" in defendant's motion for summary judgment)). Sony had ample opportunities to plead its new inequitable conduct theory under the rules. And yet it sat on this opportunity until the twilight of expert discovery without providing any explanation or reason why it waited so long in its motion. This record, therefore, is devoid of any good cause and cannot support leave to amend.

**Conclusion**

The time has long passed to expand this case. It is now time for the parties to move toward trial and ultimately resolution. Sony's motion to amend its counterclaim at this juncture, therefore, should be denied, especially after Sony waited for over two years to bring this motion.

DATED: August 10, 2012

**Robins, Kaplan, Miller & Ciresi L.L.P.**

By: */s/ Patrick M. Arenz*
Ronald J. Schutz (*Pro Hac Vice*)
Richard M. Martinez (*Pro Hac Vice*)
Trevor J. Foster (*Pro Hac Vice*)
Patrick M. Arenz *(Pro Hac Vice)*
Victor C. Chan (*Pro Hac Vice*)
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

David Martinez, (CA Bar No. 193183)
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

**Attorneys for Plaintiff
TV Interactive Data Corporation**

83284138.1