UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TV INTERACTIVE DATA
CORPORATION,

    Plaintiff,

    v.

SONY CORPORATION, et al.,

    Defendants.
_____/

No. C 10-0475 PJH

**ORDER DENYING MOTION TO AMEND ANSWER AND COUNTERCLAIM**

    Before the court is the motion of defendants Sony Corporation, Sony Computer Entertainment, Inc., Sony Computer Entertainment America LLC, Sony Corporation of America, and Sony Electronics, Inc. ("Sony") for leave to amend the answer and counterclaims to the first amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

    This is an action for patent infringement involving United States Patent No. 5,597,307, United States Patent No. 5,795,156, United States Patent No. 6,249,863, and United States Patent No. 6,418,532. The asserted claims of the patents-in-suit cover apparatuses and methods of automatically playing electronic content after insertion of a storage medium into a peripheral. Plaintiff TV Interactive Data Corporation ("TVI") alleges

that the Sony defendants have willfully infringed, and/or continue to willfully infringe, one or more claims of the patents-in-suit.

TVI initially filed this action on February 2, 2010, against the Sony defendants, and also against a number of other defendants that have since been terminated pursuant to various stipulations of the parties. The court held an initial case management conference ("CMC") on May 14, 2010. At that time the court set a case management schedule up to and including dates for the claim construction hearing. Following the February 22, 2011 hearing, the court issued an order construing the disputed claim terms on April 15, 2011.

On August 19, 2011, Sony filed a motion for partial summary judgment of invalidity. The motion was fully briefed on September 9, 2011, but the hearing was continued. On September 16, 2011, TVI filed a first amended complaint against all the defendants that remained in the case as of that date. On September 28, 2011, the case was reassigned from District Judge Jeremy Fogel to the undersigned District Judge. On October 7, 2011, the defendants filed answers and counterclaims to the amended complaint. On October 21, 2011, TVI filed answers to the defendants' counterclaims.

The court conducted a further CMC on January 12, 2012. At that time, the court set a case schedule, including a non-expert discovery cut-off date of March 20, 2012; a dispositive motions filing deadline of August 29, 2012; a dispositive motions hearing date of October 3, 2012; and a final pretrial conference date of February 14, 2013. Sony's fully-briefed motion for partial summary judgment was administratively stayed, to be heard on October 3, 2012. The trial is set to commence on March 11, 2013.

In the present motion, filed on July 28, 2012, Sony seeks leave to amend its answer and counterclaim to TVI's first amended complaint, to add an additional defense of inequitable conduct based on failure to disclose prior art.

**DISCUSSION**

A. Legal Standard

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days of serving it (or within 21 days after service of a

responsive pleading or Rule 12(b) motion); and that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend under Rule 15 granted with "extreme liberality").

Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004). In addition, amendments seeking to add claims are to be granted more freely than amendments adding parties. Union Pacific R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

The rule is different, however, when a case management and pretrial order has been issued that sets a deadline for amending pleadings. Under Federal Rule of Civil Procedure 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). A party seeking to amend a pleading after the deadline set in the case management and pretrial order must make a showing under the more stringent "good cause" standard of Rule 16(b), and then, if good cause is shown, must demonstrate that the motion is proper under Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking . . . amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Onyx Pharm., Inc. v. Bayer Corp., 2011 WL 4527402 at *2 (N.D. Cal. Sept.21, 2011).

To show the requisite diligence, the party seeking amendment must establish both that its noncompliance with a Rule 16 deadline "occurred . . . because of the development of matters which could not have been reasonably foreseen or anticipated" and that it was "diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could

3

not comply." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); see also Harris v. Vector Marketing Corp., 2010 WL 3743532, at *2 (Sept. 17, 2010) (moving party must show reasonable diligence in order to satisfy Rule 16(b) standard).

B.   Defendants' Motion

Sony seeks an order allowing it to file an amended answer and counterclaim to TVI's amended complaint, alleging an additional defense of unenforceability of the patents-in-suit based on a failure to disclose to the U.S. Patent and Trademark Office ("PTO") a prior art reference (the "CD-I prior art"). Sony first alleged unenforceability, based on failure to disclose to the PTO two prior art references referred to as "CDTV" and "3DO," in its first amended answer and counterclaim filed May 21, 2010. Sony continued to assert the same inequitable conduct affirmative defenses in subsequent answers filed September 7, 2010 and October 7, 2011.

Sony contends that documents produced by TVI in discovery, plus the deposition testimony of Peter Redford, TVI's CEO and the co-inventor of the patents-in-suit, confirmed the earlier inequitable conduct allegations and revealed additional inequitable conduct based on Mr. Redford's failure to disclose the CD-I prior art to the PTO. Sony concedes that it did not previously allege this inequitable conduct, but claims that the JVC/Victor defendants did, in their answer filed on October 7, 2011. Thus, Sony asserts, TVI has been aware of this defense since that time.

Sony argues that the court should grant its motion, based on the policy that leave to amend is liberally granted under Rule 15(a). Sony contends that there has been no "undue" delay, as any delay is minor and expert discovery is ongoing and trial is not scheduled to begin for several months. Moreover, Sony asserts, TVI has already been advised of the inequitable conduct allegations with regard to the CD-I prior art, as they were part of JVC's inequitable conduct defense; and the allegations are based on TVI's own documents and testimony.

Sony also asserts that it has acted in good faith in seeking to amend its answer and counterclaim. Sony contends that its reason for seeking the amendment is to ensure that a

4

"technicality" does not preclude it from presenting its case in full, either in the summary judgment motion or at trial. Sony claims it is only "seeking to conform the pleadings to the substance of this case already addressed by the parties so the case can be properly decided on the merits."

Sony contends further that the proposed new defense would not be futile, as the proposed amendment it now seeks, to include the CD-I prior art as part of the inequitable conduct defense, "establishes a pattern by Mr. Redford and others at TVI to withhold highly material prior art from the PTO and is based on similar facts to the 3DO and CDTV references in that Mr. Redford and his co-inventor were well aware of the operation of the CD-I player and possessed numerous documents about it prior to filing, and during prosecution, of the asserted patent claims."

Finally, Sony argues that TVI will not be prejudiced if the proposed amendment is permitted. Sony reiterates that the allegations are based on information that was provided by TVI in discovery, that TVI has been aware of this defense since October 2011 because JVC alleged it in its answer and affirmative defenses, and that experts for both TVI and Sony have addressed the technical aspects of CD-I.

The court finds that the motion must be DENIED. As an initial matter, the applicable standard is provided by Rule 16, not by Rule 15. As the Ninth Circuit stated in Johnson, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to [Rule] 16 which establishe[s] a timetable for amending pleadings[,] that rule's standards control[s]"). Id., 975 F.2d at 607-08.

Here, as set forth above, the court has issued two pretrial scheduling orders. Before the case was reassigned to the undersigned, Judge Fogel issued an order in conjunction with the initial CMC on May 14, 2010 – which the minutes reflect as setting deadlines only up to the date of the claim construction hearing. The second order, which set deadlines for discovery cut-off, amending pleadings, and filing dispositive motions, and also set dates for the pretrial conference and trial, was the one issued in January 2012.

The initial question under Rule 16 is whether Sony has established "good cause" for

modifying the scheduling order. In making that determination, the court should focus on the reasonable diligence of the moving party. See Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); see also Johnson, 975 F.2d at 609 (stating that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b); adding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification").

Sony's papers make clear that Sony has been aware of the CD-I prior art reference for some time. Moreover, not only was Sony not diligent with regard to seeking leave to amend when it first knew about the alleged inequitable conduct relating to the CD-I prior art reference, it was not diligent in seeking leave to amend after the court imposed the deadline for amending pleadings.

The dispositive motions hearing date is October 3, 2012. As of the date of this order, Sony has filed one motion for summary judgment of invalidity, which is fully briefed, and on August 29, 2012, filed a second motion for summary judgment on invalidity, infringement, inequitable conduct, laches, and patent marking. Also on August 29, 2012, TVI filed a motion for summary judgment on inequitable conduct, laches, and equitable estoppel. All three motions are scheduled to be heard on October 3, 2012.

While the court normally sets the date for hearings on dispositive motions 120 days prior to trial, in this case, the court set the dispositive motions hearing date approximately 130 days prior to the pretrial conference, for a good reason – to allow time for a ruling on the multiple motions prior to the time the parties must meet and confer with regard to the preparation of their pretrial papers. Waiting until this point in the litigation to seek leave to amend is a far cry from acting "with diligence."

The court finds that Sony's failure to establish reasonable diligence alone warrants denial of the motion. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (where party seeking modification was not diligent, the inquiry should end and motion to modify should not be granted) (quoting Johnson, 975 F.2d at 609).

6

## CONCLUSION

In accordance with the foregoing, the motion is DENIED. The September 5, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: August 31, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge