UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TV INTERACTIVE DATA
CORPORATION,

    Plaintiff,

    v.

SONY CORPORATION, et al.,

    Defendants.
_____/

No. C 10-0475 PJH

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    Defendants Sony Corporation, Sony Computer Entertainment, Inc., Sony Computer Entertainment America LLC, Sony Corporation of America, and Sony Electronics, Inc. ("Sony") seek leave to file a motion for reconsideration of the court's August 31, 2012 order denying Sony's motion for leave to amend its answer and counterclaims. The motion is DENIED.

    Under Civil Local Rule 7-9, a party seeking leave to file a motion for reconsideration must specifically show

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). In addition, the party seeking leave to file a motion for reconsideration may not repeat any argument previously made in support of or in opposition to the interlocutory order which the party seeks to have reconsidered. Id. 7-9(c).

Here, Sony argues that the court "fail[ed] to consider material facts" in issuing the prior order – specifically, that the court failed to consider that the parties "stipulated that Rule 15 applies to any amendments to the pleadings, even after entry of a scheduling order[,]" and that Judge Fogel "accepted" that provision in the minute entry dated May 20, 2012,[1] following a May 14, 2010 case management conference. Thus, Sony asserts, the court should not have decided the motion under the Rule 16 standard, but rather under the Rule 15 standard.

This argument is not persuasive. The court did consider Sony's claim that the parties had "stipulated" that Rule 15 would govern any amendments to the pleadings, but nevertheless determined for the reasons explained in the August 31, 2012 order that at this stage of the litigation, it is Rule 16 that governs. The court does not generally allow parties in a civil case to dictate which Rules of Civil Procedure the court will follow in that case.

As the court already explained in some detail in the August 31, 2012 order, and as the parties acknowledged in the December 29, 2011 supplemental case management conference statement, the case management and scheduling order issued by Judge Fogel plainly governed the conduct of the case only "up to the date of the claim construction hearing." It is the case management and pretrial order issued by the undersigned following the January 12, 2012 case management conference that has governed the conduct of the case from the time of the case management conference through the conclusion of the case.

---

[1] The minute entry on the docket is dated May 14, 2010, although the date of entry was May 20, 2010.

Finally, even if the court had considered the motion for leave to amend under Rule 15, it would still have denied the motion on the basis of undue delay.

**IT IS SO ORDERED.**

Dated: September 14, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge